UNITED STATES of America
v.
Louis LIPSHITZ, Defendant.
Crim. No. 43152.

United States District Court
E. D. New York.
April 23, 1957.

· See also 148 F.Supp. 774.

Goldstein, Judd & Gurfein, by Morris A. Wirth, New York City, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Warren Max Deutsch, Asst. U. S. Atty., New York City, in opposition.

**322**

RAYFIEL, District Judge.

The defendant was indicted on March 12, 1953, charged with wilfully and knowingly attempting to evade the payment of part of his income tax for the year 1946. He has moved under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order directing the United States Attorney to file a bill of particulars, itemized at length and in great detail in the moving papers, of the charges involved in the indictment. One of the items of which particulars is sought relates to alleged unreported sales.

The Government opposes the application on the ground that

(1) the indictment is sufficiently definite;

(2) the particulars demanded are within the knowledge of the defendant; and

(3) "an itemized recital of the Government's proof would serve no useful and legitimate purpose and would unnecessarily restrict the proof to be offered on trial."

■ Rule 7(c) of the Federal Rules of Criminal Procedure provides that the indictment shall be "a plain, concise and definite written statement of the essential facts constituting the offense charged". It is true that the instant indictment meets that requirement and adequately informs the defendant of the specific charge against him, thereby enabling him to plead any adverse judgment as a bar to a later prosecution for the same offense. But that is merely a test of its sufficiency to successfully resist a motion to dismiss. Does it, however, state the charges with such particularity as will enable the defendant to prepare his defense? I think not, and particularly so because of the proceedings which have gone before.

On July 10, 1953 the defendant moved for an order directing, *inter alia*, that certain evidence in the possession of the Government be suppressed. A hearing was held, from which it appeared that the Government based its case against the defendant on unreported sales. On June 24, 1955, 132 F.Supp. 519, this Court rendered its decision, and thereafter made its order suppressing all evidence relating to the accounts of or sales to three certain South African concerns in said order named. Almost four years have passed since the entry of that order. The Court has just been informed that a date in May, 1957, has been set for the trial of the case.

■ Since evidence relating to sales to the three South African concerns has been suppressed, it becomes particularly important that the defendant, in the preparation of his defense, know specifically what unreported sales the Government will rely on in the prosecution of the case. The fact that the Government may, as it claims, be required thereby to disclose some of its evidence is not, in and of itself, a ground for the denial thereof, if the information sought is necessary, as I believe it is, to enable the defendant to prepare his defense. United States v. Kessler, D.C., 43 F.Supp. 408.

But there is still another reason why the defendant should have such information. In view of the order of suppression herein, he should have an opportunity to be prepared to show at the trial, if it be so, that the evidence of unreported sales to be offered by the Government was obtained directly or derivatively from the evidence heretofore suppressed.

■ The defendant's other demands, however, are much too broad and sweeping. He seeks what is, in effect, complete discovery. Compliance would involve disclosure of Government evidence, limit its proof, and be tantamount to what has been characterized as a "dress rehearsal" of the prosecution.

Accordingly, the United States Attorney is directed to furnish the defendant with the names of the concerns to whom were made the sales which the Government will claim were unreported, together with the dates and amounts thereof.

The order to be entered will provide that such information be supplied within five days after its entry, and not less than ten days prior to the trial.

Except as aforementioned, the motion is denied.

Settle order on notice.