**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Walter WHITE, Defendant-Appellant.**

**No. 15714.**

United States Court of Appeals
Seventh Circuit.

Dec. 1, 1966.

Rehearing Denied Dec. 22, 1966.

———◆———

Sam Adam, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Lawrence Jay Weiner, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This appeal from White's conviction under four counts of an indictment charging violations of narcotics laws presents the single question: whether the district court abused its discretion in denying

part of White's motion for a bill of particulars. We affirm the conviction.

Counts 1 and 3 of the indictment charged White with unlawful sale of narcotics in violation of 26 U.S.C. § 4705 (a) (1964). Counts 2 and 4 charged him with violation of knowingly receiving, etc., in violation of 21 U.S.C. § 174 (1964). With respect to Counts 1 and 3, White's motion sought particulars as to the "time of day and place" the alleged sales took place and whether the charge was that the narcotics referred to were "sold, bartered, exchanged or given away." With respect to Counts 2 and 4 the particulars sought were "the approximate time and place, designating same by street and number, if possible," the "name and address" of the persons to whom White was alleged to have sold narcotics and the "name and address" of the person from whom he was alleged to have purchased narcotics.

The district court denied the motion for the particulars except as to the "names only" of the persons to whom White is alleged in Counts 2 and 4 to have sold narcotics. The case went to trial and White was convicted. He contends the ruling on his motion was an abuse of discretion.

White has pointed out no prejudice at his trial by virtue of the ruling but contends that no such showing is necessary in view of the recent trend toward broadened discovery in criminal cases. Although Fed.R. Crim.P. 7(f) no longer requires that the defendant show "cause" in support of his motion for a bill of particulars before his trial, this amendment is no authority for White's contention on appeal.[1]

In each case cited by White the court reviewed the discretionary action of the trial judge only upon a showing of prejudice, either that the defendant was surprised by evidence he was unprepared to meet or that he was unable to prepare a proper defense because of the insuffi-

[1]. At the time of White's motion, Fed.R. Crim.P. 7(f) provided in pertinent part: "The court *for cause* may direct the filing of a bill of particulars. * * *" The 1966 amendments to the Criminal Rules deleted the italicized phrase.

ciency of the charge. Since the record shows no prejudice to White, we think it inappropriate to review the discretionary ruling denying the motion for a bill of particulars in part, and we hold that there was no reversible error in the absence of a showing of prejudice. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Cudia, 346 F.2d 227, 228 (7th Cir. 1965). Cf. Fed.R.Crim.P. 52(a).

Affirmed.