**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Janie Kay PELLEY,
Defendant-Appellant.**

No. 76–1981.

United States Court of Appeals,
Tenth Circuit.

Submitted on Briefs Jan. 25, 1978.

Decided Feb. 15, 1978.

David L. Russell, U. S. Atty. and William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., submitted on brief, for plaintiff-appellee.

James W. Merz, Oklahoma City, Okl., submitted on briefs, for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant was found guilty of the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. She appeals from the judgment imposing sentence. We affirm.

After an evidentiary hearing, the court denied a motion to suppress evidence obtained from an allegedly illegal search and seizure. Defendant waived a jury trial. The case was presented to the court on a stipulation of facts which incorporated the evidence adduced at the suppression hearing.

Detective Scott of the Oklahoma City, Oklahoma, Police Department received a tip from an informant whom he had known for approximately five years and who had given him reliable information 40–50 times resulting in 20–30 convictions. The tip was that an escapee was attempting to purchase drugs at Delroy Victory's house, and was driving a '76 Camaro automobile which was parked at a described location near the house. Scott was familiar with Victory's house and drug activities there conducted.

Scott and his partner Terhune drove to the house and observed a Camaro parked at the location given by the informant. A person was in the driver's seat. Soon another person left the house and entered the Camaro. The officers followed the Camaro and stopped it in a well-lighted location. Scott went to the driver's side and asked that the driver, defendant Pelley, produce her driver's license. He was suspicious of the license and asked defendant her birthdate. Her answer did not correspond with the date shown on the license. Scott then asked defendant about the car and defendant said it belonged to Viki Bell who was in Hawaii. Scott knew Viki Bell and had seen her the day before. He doubted that Bell owned a new Camaro and arrested the defendant for giving false information.

Officer Terhune went to the other side of the car and ordered the occupants to get out. He saw on the car's floor a bag containing a leafy green substance which appeared to be marijuana. The three occupants of the car were taken to police headquarters. A routine check disclosed that the car had been stolen in Simi Valley, California.

Defendant does not deny that she gave false information to Detective Scott. She argues that the officers did not have probable cause to stop the car and, hence, the evidence received after the stop was inadmissible. Probable cause for arrest differs from reasonable suspicion for a routine police investigation. *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134, is not in point. There the government conceded that the arrest took place when the car was stopped and the Court held there was not probable cause for an arrest. Ibid. at 103, 80 S.Ct. 168. In *Rios v. United States*, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, the question was whether the stop was for a routine interrogation or for an arrest and the Court remanded for a factual determination. Ibid. at 262, 80 S.Ct. 1431.

A stop for a routine police investigation does not require that the officers have probable cause for their action. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889, recognizes the right of a police officer to make an investigatory stop. Our decisions are to the same effect. See e. g. *Stone v. Patterson*, 10 Cir., 468 F.2d 558,

559, and *United States v. Self*, 10 Cir., 410 F.2d 984, 986. This is not a case like *United States v. McDevitt*, 10 Cir., 508 F.2d 8, 10, where the stopping resulted from an officer's impulse.

In *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, an officer, acting on an informant's tip that an individual in a nearby parked car was carrying narcotics and had a gun at his waistband, went to the car and asked the defendant to open the door. Instead, the defendant rolled down the window and the officer seized a revolver from defendant's waistband. The Court held that the officer had reasonable ground for a forcible investigatory stop. Ibid. at 147, 92 S.Ct. 1921. In the instant case the officers had at least as strong a basis for their suspicion as did the officer in *Adams v. Williams*. Detective Scott's experience showed the reliability of the informant. The report on the description and location of the car checked out. With this background, the officers reasonably stopped the car to ascertain if it contained an escapee.

In *Commonwealth v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331, the Court approved an officer's action in ordering the driver out of a car which had been stopped because of an expired license, and in then frisking him. The case was not concerned with the basis for the initial stop but rather the conduct which followed. In the case before us, the officers had reasonable grounds for a routine stop and interrogation. The false information given by defendant justified the further conduct of the officers. The trial court properly denied the motion to suppress.

Relying on *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639, defendant argues that the court should have required disclosure of the informant's identity. *Roviaro* was concerned with an undercover employee who had participated in the transaction on which the criminal charge was based. In the instant case, the identification request was related to the suppression hearing and was not renewed at the trial on the merits. Defendant does not claim that the informant had any connection with, or knowledge of, the offense charged.

In *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, the disclosure request was presented at a suppression hearing and denied. The Court upheld the denial saying that the defendant had not sustained the burden of showing factors requiring an exception of the general rule against disclosure. Ibid. at 534–535, 84 S.Ct. 825. The Court noted that the defendant's challenge to isolated statements in the affidavit used to support the search warrant was only peripherally relevant to the showing of probable cause and irrelevant to the integrity of the affiant, Ibid. at 532, 84 S.Ct. 825, and held that there was no error in denying identification disclosure at the suppression hearing. Ibid. at 535, 84 S.Ct. 825. See also *McCray v. Illinois*, 386 U.S. 300, 313, 87 S.Ct. 1056, 18 L.Ed.2d 62, and *United States v. Waters*, 10 Cir., 461 F.2d 248, 250–251.

At the suppression hearing Detective Scott testified in full and precise detail as to what the informant told him and why he had reason to believe that the information was trustworthy. Defense counsel cross-examined him at length and in detail. The officers verified the observable facts given by the informant. The information obtained gave reasonable ground for the routine investigatory stop but was related in no way to the charge for which the defendant was convicted. Disclosure of identity was not required.

Affirmed.