UNITED STATES of America, Plaintiff,

v.

Ernest PRICE, Defendant.

Crim. No. 78–CR–4.

United States District Court,
D. Colorado.

March 3, 1978.

Nancy E. Rice, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Bryan Morgan, Denver, Colo., for defendant.

## OPINION AND ORDER

KANE, District Judge.

This opinion is too long. I apologize for its length but I simply didn't have time to write a shorter one.

The indictment in this case reads as follows:

The Grand Jury charges that:

Between, on or about September 1, 1976, and December 5, 1977, in the State and District of Colorado, Ernest Price did knowingly embezzle and convert to his own use money and property of the Bureau of Indian Affairs, which is an agency of the Department of Interior, a department of the United States, the value of which exceeds $100.00, all in violation of Title 18, United States Code, Section 641.

On January 20, 1978, the defendant tendered a plea of not guilty to that charge. At the time of arraignment counsel for the government and the defendant were ordered to meet in accordance with the general order of this district which reads as follows:

> Unless otherwise ordered by the court in ruling on a motion filed by the government under Rule 16(d)(1), F.R.Cr.P., all information available to a defendant under Rule 16(a), F.R.Cr.P. shall be supplied routinely by the government at the offices of the United States Attorney within seven days after arraignment. A defendant need file no motion to obtain such information. If such information is accepted by defendant, subparagraphs (b) and (c) of Rule 16, F.R.Cr.P. apply to the parties. Motions under Rules 12 and 14 F.R.Cr.P. shall be filed within ten days after arraignment unless otherwise ordered by the court.

In addition, the defendant was ordered to file any motions he might have within ten (10) days following the arraignment. In accordance therewith on January 30, 1978, defendant filed a motion to suppress evidence and statements and a motion for a bill of particulars. A hearing on said motions was held on February 17, 1978. At the hearing the government disclosed that the defendant had made no statements to law enforcement officers and that no statements would be introduced. Accordingly, the motion to suppress statements was denied. The portion of the motion to suppress relating to the suppression of documents was argued and briefed fully. The government related that it had in its possession bank records obtained from the First National Bank of Cortez, Colorado. In accordance with *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976), that portion of the motion to suppress was likewise denied. With respect to the motion for a bill of particulars the government indicated that it would produce a bill of particulars provided the defendant would advise with greater clarity which aspects of the crime charged remained imprecise or indefinite. In addition, the government

stated in its response to defendant's motions that it believed that no testimony was required; that it would have one of the agents of the Federal Bureau of Investigation available to testify concerning the lack of statements and the method used to obtain the bank records and, further: that the government would "respectfully object and decline to name any witnesses as being outside the purview of Rule 16 of the Federal Rules of Criminal Procedure, Rule 17 of the Local Rules, and the dictates of the Tenth Circuit as set forth in *United States v. Pennick*, 500 F.2d 184 (10th Cir. 1974), *cert. den.* 419 U.S. 1051, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974)" and other cases decided by the Tenth Circuit prior to that date as well as two cases from the Western District of Oklahoma decided subsequent thereto.

Irrespective of the foregoing, the government prepared, with defense counsel's concurrence, a stipulated statement of facts which said that if called to testify Jim Bristol, an agent of the Federal Bureau of Investigation assigned to Durango, Colorado, would confirm that in the course of his investigation of the crime, subsequently referred to in the indictment, he contacted Joe Otero, the Superintendent of the Bureau of Indian Affairs, Towaoc, Colorado, whom he thought to be the co-signator for account number 0–2309–3 in the name of Price's Laundromat and Car Wash. The stipulation further related that Mr. Otero, at the request of Agent Bristol, contacted Wayne Glazner, the President of the First National Bank of Cortez, Colorado, where the above numbered account was kept. Mr. Otero advised Glazner that he would like to see the checks which had been drawn on the Price's Laundromat and Car Wash account as well as the monthly statements. Following this telephone conversation both Agent Bristol and Mr. Otero visited the bank and viewed the bank records. At the request of Agent Bristol and Mr. Otero, Mr. Glazner voluntarily made copies of the records and presented them to the two men.

In denying defendant's motion to suppress, I commented upon the statement of the government contained in its response to

the effect that the government would decline to name any witnesses. I advised the government that the question of whether the disclosing of any witnesses is required is a matter to be determined in the exercise of the court's discretion and not a matter beyond the jurisdiction of the court to determine. (*See Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964) and *United States v. Pelley*, 572 F.2d 264 (10th Cir. 1978). Following these comments I was asked by the government whether I would require the naming of any witnesses to be called at trial prior to the time of trial. I advised that the issue was not before me and that I would only make such ruling if a motion was filed and after a hearing at which both the defendant and the government would be provided with the opportunity to set forth those matters which in their respective beliefs counsel believed I should consider in reaching a decision. I was advised at that time by the government's counsel that the government would not provide such information and asked, more than once by the government's counsel, that I impose sanctions against the government. This I declined to do.

In view of the foregoing, the defendant asked for permission to file a motion for discovery requiring the prosecution to furnish defense counsel, in writing at least twenty (20) days prior to trial, with the names and addresses of all witnesses whose testimony the government would seek to introduce at trial. I granted the defendant permission to file such a motion which was received on February 21, 1978. The matter was set for oral argument on February 24, 1978 at 2:00 P.M. At 9:35 A.M. on that date the government filed a document entitled "Government's Answer to Defendant's Motion for Discovery and Sanctions." In the answer the government stated that it strongly opposed the motion; that the court has no discretion to enter such an order; and that should such an order be entered, the government would respectfully refuse to comply with its terms and conditions. In support of its position the government stated:

"The law is well settled in the Tenth Circuit that in the absence of a statutory or constitutional requirement, the accused is not entitled to be furnished a list of government witnesses in advance of trial except in the case of capital cases."

The rest of the government's answer was a series of quotations from various Tenth Circuit cases and some comment setting forth the government's interpretation of *Nipp v. United States*, 422 F.2d 509 (10th Cir. 1969), *cert. den.* 399 U.S. 913, 90 S.Ct. 2213, 26 L.Ed.2d 569 (1970) and its understanding of *United States v. Pennick, supra.* Noticeably absent from the government's answer was a response to the court's request that those factors which would be required or helpful in exercising judicial discretion be set forth with particularity.

By contrast defendant's motion set forth the following considerations:

(1) That the offense alleged in the indictment does not involve a crime of violence;

(2) That the defendant has never been arrested, much less convicted, for any offense involving violence in his life;

(3) That the bulk of evidence in this case will likely involve testimony relating to documents, which by their nature are not easily altered;

(4) That to defense counsel's knowledge, no possibility exists that supplying the witnesses names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial;

(5) That the indictment alleges offenses occurring over some fifteen (15) months past making preparation of the defendant's defense complex and difficult;

(6) That the defendant has extremely limited funds with which to investigate and prepare his defense.

After setting forth these circumstances the defendant argued in his motion that:

". . . [T]he court's discretion may be soundly exercised by requiring the government to disclose the witnesses'

names and addresses, considering the balance of the public interest in protecting the flow of information to the government and the defendant's right to prepare his defense.

If counsel for the government refuses to comply with this order, as has been previously indicated on the record before this court, defense counsel requests this court pursuant to Rule 16(d)(2), Federal Rules of Criminal Procedure, to prohibit the government from introducing any evidence from any witnesses not disclosed twenty (20) days prior to trial, if the defendant makes timely objection thereto at trial in this cause."

At the 2:00 P.M. hearing on Friday, February 24, 1978, government's counsel was again requested to advise me of the considerations which should be included in my exercise of judicial discretion. Again, the government's attorney refused to comply with the request and again stated that the court had no jurisdiction within which to exercise such discretion. With eluctable candor the government responded to my questions by advising that it had no knowledge of whether the defendant had ever been arrested, charged, or convicted of any crime whether one of violence or not; that the offense alleged in the indictment did not involve violence; that the government had no information even suggesting that any witnesses had been threatened or would be placed in danger as a result of their names being disclosed; that no informants of any kind were used or employed by the government in this case and no informant testimony would be offered at trial; that the government had considerable documentary evidence and would intend to offer in excess of 50 documents during the trial, that the offense charged concerned transactions taking place over a fifteen-month period and that the government would "respectfully decline" to offer any reasons for non-disclosure of witnesses with the exception of statements to the effect that the court has no discretion and that the government desires to uphold what it considers to be the law in the Tenth Circuit. In effect, the government declined to participate in a procedure involving the exercise of judicial discretion to determine whether the names and addresses of witnesses should be disclosed to defendant prior to trial.

In addition to the foregoing, defense counsel was asked to advise the court of information concerning the defendant. At the hearing on February 17, 1978, I had occasion to examine the defendant with respect to whether his waiver of the right to be present at the hearing on February 24, 1978, was understood and constituted an intelligent waiver. On both occasions following the statements of counsel and the court's questioning of the defendant, the government was provided with the opportunity to raise any additional matters or further questions which it deemed appropriate. The opportunities were not utilized.

In addition, the court file contains copies of affidavits relating to bond application and to the complaint filed with the United States Magistrate.

From the foregoing, we learn the following:

As of December 12, 1977, Ernest Price was 30 years old. His date of birth is not known. He is a member of the Ute Mountain Tribe and is employed by the tribe. He earns $2.46 per hour. For twenty-seven and one-half of his thirty years Mr. Price has lived on the Ute Mountain Reservation in southwestern Colorado. He spent two years in Kansas at an Indian school and received either a high school diploma or its equivalent from that school. The English language is not his mother tongue. During his formative years the Ute language was used in the family home. Prior to his coming to court for the hearing on February 17, 1978, defense counsel spent considerable time with Mr. Price in an effort to explain to him the processes of waiver of his right to appear at future hearings. The proposed waiver was intended by defense counsel as a convenience for the defendant because his only way of attending court sessions in Denver was to take a bus from either Cortez or Duran-

go, Colorado, and thereafter return by bus to the reservation. In spite of the explanation by counsel made prior to the hearing, I was not satisfied that the defendant fully understood the implications of the waiver. I therefore attempted to question him regarding his understanding and found that additional explanations were required by defense counsel in order for the defendant to formulate answers to my questions. This concern with the difficulty of communication led me to inquire of defense counsel at the hearing on February 24, 1978, whether the defendant understood English. Defense counsel advised that there were indeed communication problems. However, defense counsel did not believe that the use of an interpreter would be required during the course of the trial. Defense counsel further stated that the process of communication with the defendant was laborious and only partially successful. Defense counsel represented to the court that in matters of commercial practice or business practice the defendant simply did not understand to the extent that he could assist counsel in preparing for his defense. Defense counsel further represented that because of the cultural and linguistic difficulties implicit in the attorney-client relationship in this case, preparation for trial was frustrated. Defense counsel further stated that he had undertaken to do as complete an investigation as he possibly could, but that he had made the motion for disclosure of witnesses to be called by the prosecution at trial because of his inability otherwise to avoid surprise and because of his desire to make an adequate preparation.

From my own questioning of the defendant in open court, I was satisfied that he was unable to extemporize and indeed would only be able to provide information in response to declarative or leading questions. In completing the financial affidavit form (CJA 23) defendant listed in addition to his age and hourly employment that he was possessed of a 1976 Ford pickup, a 1973 Chevrolet and a trailer house. He listed debts for the pickup truck and the trailer house and two other debts, one to a Gamble store and one to a bank. Significantly, the defendant did not list any ownership of real estate, stocks, bonds, notes, or other property.

It is thus within the foregoing context that the issue of whether the court should order disclosure of names of witnesses is presented.

Before crossing the threshold into a discussion of the issues to be decided, let us first be clear in understanding what this case does not involve. Indeed, the most apparent aspects of this controversy, as I see them, are what I have not ruled and what I do not order.

■ First, I do not in any way rule or suggest that this defendant or any defendant has a right to compel the disclosure of witnesses in advance of trial. The only occasions in which the expectancy of the court favorably exercising its discretion to order disclosure is transmuted to a right of the defendant are based on constitutional imperative or statute. I need not decide this issue on the basis of constitutional law and therefore expressly refrain from so doing. (cf. footnote 15, *Roviaro v. United States*, 353 U.S. 53, 65, 77 S.Ct. 623, 630, 1 L.Ed.2d 639 (1957). The remaining instance wherein pre-trial disclosure is a matter of right is beyond the pale of this case. That instance involves capital offenses. Section 3432, 18 U.S.C. requires that a person charged with treason or other capital offense shall be furnished with a list of witnesses to be produced at trial for proving the indictment *at least three days prior to trial.* Significantly, the statute does not proscribe the exercise of judicial discretion until three days prior to trial when the furnishing of the list becomes mandatory. In non-capital cases the ambit of discretion is not limited in any way by the statute. In the case at bar, the indictment charges embezzlement. It is a non-capital offense and therefore the statute is wholly inapplicable. Thus, another thing which I do not do in this case is rule on the statute. Further, I do not disturb the established rule that

names of prosecution witnesses need not be provided to the defendant.

 I am well aware of the general rule in this circuit that ordinarily disclosure of witnesses in advance of trial is not ordered in criminal cases. All but three of the cases cited by the government support this proposition. The remaining three cases will be discussed separately since one is miscited, another is misconstrued, and the third supports the conclusion which I have reached. The government accurately cites *United States v. Baca*, 494 F.2d 424 (10th Cir. 1974); *Carpenter v. United States*, 463 F.2d 397 (10th Cir. 1972); *United States v. Seasholtz*, 435 F.2d 4 (10th Cir. 1970); *United States v. Hughes*, 429 F.2d 1293 (10th Cir. 1970); *United States v. Eagleston*, 417 F.2d 11 (10th Cir. 1969); *United States v. Gleeson*, 411 F.2d 1091 (10th Cir. 1969); *Thompson v. United States*, 381 F.2d 664 (10th Cir. 1969); *Edmondson v. United States*, 402 F.2d 809 (10th Cir. 1968); and *Cordova v. United States*, 303 F.2d 454 (10th Cir. 1962).

There are other Tenth Circuit cases which support the foregoing propositions, but *Dean v. United States*, 265 F.2d 544, cited by the government is not one of them. *Dean* is an Eighth Circuit case decided in 1959.

The government relies on the following quotation from *Dean* to support its contention that a trial court has no discretion to order disclosure of prosecution witnesses:

> There is no provision or requirement that in a non-capital case the government must furnish the defendant with the names of witnesses to be called in behalf of the prosecution.

Of course there is no requirement; it is a matter of judicial discretion and that is precisely what Judge Lay of the Eighth Circuit said some twelve years after *Dean* in *United States v. Cole*, 449 F.2d 194 (8th Cir. 1971), *cert. den.* 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806.

> Although it has been recognized that in a proper case, disclosure of prosecution's witnesses may be ordered, this circuit has uniformly held that *such matters are within the discretion of the trial court.* (Emphasis added.)

By stating its contention the government attempts to prove the obverse: Namely, since there is no provision that the government *must* furnish the defendant with the names of witnesses to be called in behalf of the prosecution, there is no provision that the government *may* furnish the defendant with the names of witnesses to be called in behalf of the prosecution. Not only is this manipulation logically impermissible, it is also not the rule in this circuit. Were it so this circuit would be in conflict with virtually all other circuits. I do not believe such to be the case. In fact, the rule in this circuit is consistent with all the circuits and with the dictum of the Supreme Court. Since the government occasionally discloses lists of witnesses or partial lists of witnesses on its own initiative, it cannot deny that disclosure is permissive. (e. g. *Carpenter v. United States, supra.*) The real question is not whether disclosure is prohibited, but whether such disclosure is exclusively within the province of prosecutorial discretion. As shown, it obviously is not.

A survey of the circuits discloses the following:

## THE FIRST CIRCUIT

*United States v. Murphy*, 480 F.2d 256, 259 (1st Cir. 1973), *cert. den.* 414 U.S. 912, 94 S.Ct. 253.

> First, with regard to defendant's request for disclosure of the government's trial witnesses, since criminal defendants are ordinarily not entitled to this information, see *United States ·v. Glass*, 421 F.2d 832, 833 (9th Cir. 1969), and cases cited, it is settled that this motion was addressed to the discretion of the trial court.

## THE SECOND CIRCUIT

*United States v. Cannone et al.*, 528 F.2d 296 (2nd Cir. 1975).

> As the government concedes, nowhere in the United States Code or the Federal Rules of Criminal Procedure are district courts explicitly authorized or forbidden

to order pretrial disclosure of government witnesses in non-capital cases. As far as this question is concerned, however, we reject the government's contention that the trial court had no general discretion to require the disclosure of the identity of the government's witnesses. See *United States v. Richter*, 488 F.2d 170, 173–74 (9th Cir. 1973):

It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice. "A federal court has the responsibility to supervise the administration of criminal justice in order to ensure [sic] fundamental fairness." *United States v. Baird*, 414 F.2d 700, 710 (2nd Cir. 1969), *cert. den.*, 396 U.S. 1005, 90 S.Ct. 559, 24 L.Ed.2d 497 (1970). It would be ill-advised to limit improvidently this inherent power for fear of misuse. The firing point of the legal system is with the trial judge who is best situated to administer the law and protect the rights of all. Such discretion is not limitless, but appellate review provides a proper check. Therefore, we are not disposed to hold that the district court may never order the government to divulge names of prospective witnesses. The general discretion of district courts to compel the government to identify its witnesses is acknowledged widely, although the source of this discretion is subject to some disagreement. (pps. 298–299)

While district courts have authority to compel pretrial disclosure of the identity of government witnesses, their use of this authority is reviewable for abuse of discretion. Thus, the final question raised by this appeal is whether, given the particular circumstances of this case, the court was within the allowable scope of its discretion when it ordered disclosure of the identity of the government's witnesses. For the reasons hereinafter expressed, we find that the record does not demonstrate that it was. (pps. 300–301)

*United States v. Goldman*, 439 F.Supp. 337, 350 (S.D.N.Y.1977) Duffy, J.

*Cannone* indicates that the district court may, in the exercise of discretion, order such disclosure; the standard is whether "a specific showing of need for disclosure by the defendant" outweighs "a specific showing of need for concealment by the government."

*United States v. Greater Syracuse Board of Realtors, Inc. et al.*, 438 F.Supp. 376, 381, 382 (N.D.N.Y.) Munson, J.

Names of potential Government witnesses are generally sought under both discovery and Bills of Particulars. Such requests are often made under the guise of seeking the names of persons present at, or participating in, the criminal offense or transaction in issue. When requested in a Bill of Particulars demand, names of witnesses are sought to aid the preparation of a defense. Requests of this sort have met with limited success. Granted: *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (dictum); see also 1 Wright, Federal Practice and Procedure, Criminal § 129; Denied: *United States v. Rimanich*, 422 F.2d 817 (7th Cir. 1970); *United States v. Cummings*, 49 F.R.D. 160 (S.D.N.Y.1969); *United States v. American Oil*, 286 F.Supp. 742 (D.N.J.1968). In a case such as ours, the better view would seem to be to grant those demands relating to persons present at or involved in the transactions in issue, so the defendant may sufficiently identify them for purposes of his investigation. *Will v. United States*, supra, [389 U.S.] at 99, [88 S.Ct. 269].

The question of whether the names of potential Government trial witnesses are discoverable is unsettled. The language of Rule 16 of the Federal Rules of Criminal Procedure lacks any reference whatsoever to names of witnesses. Interestingly enough, the version of Rule 16 originally proposed by the Supreme Court provided for discovery of Government witnesses' names. See Historical Note to F.R.Crim.Proc. Rule 16, Title 18 U.S.C.A. (West 1975); see also 8 Moore's Federal Practice ¶ 16.03[3]. While the House

adopted a somewhat similar version, the Senate flatly rejected the notion that witness lists should be discoverable, either expressly under Rule 16, or pursuant to any inherent power vested in the trial court. Id. In spite of this admonition from Congress, *courts have not hesitated to grant discovery of names of witnesses, as a matter of discretion.* See, e. g., *United States v. Cannone,* 528 F.2d 296 (2nd Cir. 1975); *United States v. Richter,* 488 F.2d 170 (9th Cir. 1973). (Emphasis added.)

*United States v. Addonizio,* 451 F.2d 49, 64 (3rd Cir. 1972), cert. den. 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812, reh. den. 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed.2d 591.

The 1966 amendment to Rule 7(f), Fed.R. Crim.P., eliminating the requirement that cause be shown before a bill of particulars may be ordered, is "designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Notes of Advisory Committee on Rules, 18 U.S.C. Rule 7(f). The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the "sporting theory" of criminal justice.[15] *United States v. Jaskiewicz,* 278

[15] See Brennan, "The Criminal Prosecution: Sporting Event or Quest for Truth," 1963 Wash. U.L.Q. 279.

F.Supp. 525 (E.D.Pa.1968).

This liberalization has, out of practical necessity, been limited in some important respects, however. It is still firmly established, for example, that a defendant is entitled neither to a wholesale discovery of the Government's evidence. *United States v. Birrell,* 263 F.Supp. 113, (S.D.N. Y.1967), nor to a list of the Government's prospective witnesses, *United States v. Jaskiewicz, supra; United States v. Palmisano,* 273 F.Supp. 750 (E.D.Pa.1967).[16]

[16] Where, however, a defendant seeks legitimate information, he may not be denied it merely because the *effect* of providing it is to divulge the names of government witnesses or the details of the government's evidence.

*United States v. Lipshitz,* 150 F.Supp. 321 (E.D.N.Y.1957); *United States v. Smith,* 16 F.R.D. 372 (W.D.Mo.1954).

In the final analysis then, the granting of a bill of particulars remains a discretionary matter with the trial court, and it is still "obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible." *United States v. Russo,* 260 F.2d 849, 850 (2nd Cir. 1958). The denial of a motion for a bill of particulars does not amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid surprise at trial, or to avoid the later risk of double jeopardy.

We are unable to say that there has been an abuse of discretion on the facts of this case.

## THE FOURTH CIRCUIT

*United States v. Jordan,* 466 F.2d 99, 101 (4th Cir. 1972), cert. den., 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262.

It is settled in this circuit that "[o]nly in a capital case is the government required to furnish a pretrial list of government witnesses." *United States v. Chase,* 372 F.2d 453, 466 (4th Cir. 1967); 18 U.S.C. § 3432. The court in its discretion may order the government to produce such a list under Rule 16, Federal Rules of Criminal Procedure,[1] but whether or not it is an abuse of

[1] *United States v. Jepson,* 53 F.R.D. 289 (E.D.Wis.1971); *United States v. Leichtfuss,* 331 F.Supp. 723, 732 (N.D.Ill.1971). See *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

discretion not to do so, and whether it is an abuse of discretion not to grant a continuance once the witnesses' names become known, depends, we think, on whether the denial of such motions amounts to a denial of the defendant's right of confrontation in violation of the Sixth Amendment. We find no such violation here.

*United States v. Anderson et al.,* 481 F.2d 685, 693 (4th Cir. 1973), *aff'd on other*

*grounds,* 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20.

As for the demand of the defendants for a list of the Government's witnesses, *they were not entitled of right,* in this non-capital case, to such pretrial disclosure. *United States v. Chase, supra* (372 F.2d at 466); *United States v. Elmore, supra* (4th Cir., 423 F.2d [775], at 779, n.7); *United States v. Harflinger, supra* (8th Cir., 436 F.2d [928] at 936); *United States v. Wolson* (2nd Cir. 1969) 413 F.2d 804, 808; *United States v. White* (5th Cir. 1971) 450 F.2d 264, 268, n.6. *The trial court of course, "in its discretion may order the government to produce such a list under Rule 16, Federal Rules of Criminal Procedure." United States v. Jordan* (4th Cir. 1972) 466 F.2d 99, 101.[10] In this case, it is

[10] See, also, *Will v. United States* (1967) 389 U.S. 90, 99, 88 S.Ct. 269, 19 L.Ed.2d 305; *United States v. Houston* (D.C.Ga.1972) 339 F.Supp. 762, 765; Proposed Amendments to Criminal Rules, 48 F.R.D. 553, 603–604; Note, Discovery of Witness Identity under Preliminary Proposed Federal Criminal Rule 16, 12 W. & M. L.Rev. 603 (1971); and Orfield, List of Witnesses and Jurors in Federal Criminal Cases, 44 F.R.D. 527.

quite obvious why the court may well have considered inappropriate any such discretionary pre-trial order requiring the government to provide defendants with a list of its witnesses in this case. The persons involved were all powerfully-placed public officials in a small county in which all the witnesses lived. There were suggestions that already persons conversant with the facts in the case had been harassed.[11] Moreover, there had

[11] See the comments of the United States Attorney for Connecticut on this possibility of harassment as a reason for denial of a list of government witnesses in 44 F.R.D. at 499 (1968).

been an earlier hearing in the county court. The persons who had knowledge of the facts were well known to the defendants and in the main had testified at this election hearing. In the light of all these circumstances, it cannot be said that the trial court abused its discretion in denying to the defendants a pre-trial list of the Government's witnesses. (Emphasis added.)

## THE FIFTH CIRCUIT

*United States v. Baggett,* 455 F.2d 476 (5th Cir. 1972).

This Court and other Circuits which have treated the specific issue raised in this case have held that it is not an abuse of discretion for the trial court to deny the defense the names of witnesses, whether requested by motion for Bill of Particulars under Rule 7(f), or by a motion for discovery under Rule 16(b), Federal rules of Criminal Procedure. [citations omitted]

It does not appear from the record in this case that preparation for trial by defendant's counsel was so prejudiced by this ruling that it rendered him ineffective, as argued in the brief.

*United States v. Treatman,* 399 F.Supp. 264, 266 (W.D.La.1975) Scott, J.

The granting or denial of such a motion is within the sound discretion of the district judge. *United States v. Baggett,* 455 F.2d 476 (5th Cir. 1972). Accord *O'Neal v. United States,* 411 F.2d 131 (5th Cir. 1969), *cert. denied,* 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77 (1969); *Downing v. United States,* 348 F.2d 594 (5th Cir. 1965), *cert. denied,* 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965). Only in capital cases are defendants entitled to such a list (18 U.S.C. § 3432), and in other cases where denial of such list would not hinder effective defense preparation, it should be denied. *United States v. Bally Mfg. Corp.,* 345 F.Supp. 410 (E.D.La.1972). In the instant case, the government's response to the motion names the one witness who appeared before the Grand Jury; the names of the persons who received the material complained of are in the body of the indictment. The lack of a list of other government witnesses will not hinder the preparation of the defense, and the motion is denied.

## THE SIXTH CIRCUIT

*United States v. Moceri et al.,* 359 F.Supp. 431, 433, 434 (N.D.Ohio 1973) not appealed. Battisti, C. J.

At the outset, it is important to examine the motivation behind this Court's effort to expand and expedite pretrial criminal discovery. In August of 1971, the Conference of Metropolitan Chief District Judges of the Federal Judicial Center was convened to examine and propose solutions for the elimination of avoidable delay in criminal cases. The Chief Justice attended, addressed the judges and encouraged the project. The report of this Conference was filed by Judge William J. Campbell of the Northern District of Illinois. Judge Campbell proposed numerous suggestions for the elimination of avoidable delay in criminal cases, including the expansion of criminal discovery. One section of the report reads as follows:

"The time has come to repudiate the archaic bromides which we judges have too long used to rationalize the denial of reasonable defense discovery motions. My own experience has established that liberal discovery will produce additional stipulations which in turn will avoid many trial hours, reduce the number of trial issues, avoid trial surprise and its consequential time consumption, and most probably result in increased, and obviously more intelligent, guilty pleas. In my considered judgment the arguments opposing discovery still advanced by many prosecutors have all been effectively refuted.

"Furthermore, as I am in favor of increased discovery to defendants I am likewise in favor of the expansion of prosecutorial discovery provisions, subject only to Fifth Amendment proscriptions against self-incrimination.

"I do caution, however, that the expansion of criminal discovery should not be accompanied by additional motions and briefs from defense attorneys. Rather, what is needed is to provide by rule self executing discovery provisions. In my district this was done in 1969 by adoption of our Criminal Rule 2.04 and has been most successful. Such rules automatically require the disgorging of enumerated types of material and information and would relieve defense counsel from filing motions solely to protect the record. And finally such provisions would relieve the court from the necessity of considering extensive discovery motions in every criminal case."

Campbell, Report to the Members of the Conference of Metropolitan Chief District Judges of the Federal Judicial Center, reprinted in Hearings on the Reform of Criminal Laws before the Subcommittee on Criminal Laws and Procedures of the Senate Committee on the Judiciary, 92nd Cong. 2d Sess.App. (Courts and Corrections) pt. 4, at 3828–29 (1972).

Additionally, pursuant to Rule 50(b), Federal Rules of Criminal Procedure, the judges of this Court have adopted a plan for achieving prompt disposition of criminal cases. The plan authorizes judges to arraign a defendant within fifteen days if he is in custody or within thirty days if not in custody. The trial should commence within ninety days after arraignment if the defendant is in custody or within one hundred and eighty days if he is not in custody. This plan reduces avoidable delays, especially during the pretrial phase of a criminal case and expedites a defendant's plea if one is to be forthcoming. Underlying this entire problem is the reality that most criminal cases are disposed of by way of plea, and that an expeditious procedure will allow the Court to spend more time on other matters, including those criminal cases which eventually go to trial.

I. *Names and Addresses of Prospective Witnesses.*

 In light of the above-mentioned policies, the Government's objection to the production of the names and addresses of prospective witnesses cannot be sustained. Essentially, the Government contends that the Court may not order such production because the discovery is not yet *required* by the Federal Rules of Criminal Procedure or by Act of Congress. This argument lacks substance, since there would be no need for an additional order if the discovery were already

required. It should be noted that the Government does not even suggest that the production of witness lists is barred by either statute or rule. The mere fact that Congress has provided for such discovery in one area (see 18 U.S.C. § 3432) and not in another cannot be construed as a statutory prohibition.

The Government's reliance on *United States v. Conder*, 423 F.2d 904 (6th Cir. 1970) is likewise misplaced. In that case, the defendants claimed a right to lists of prospective Government witnesses pursuant to Fed.R.Crim.P. 16(b), and, further, that the District Court erred in failing to provide them. The Court of Appeals held that such discovery was not within the scope of the existing rule. By defining the minimal requirements of Rule 16, however, the Court was not circumscribing the outer limits of pretrial discovery in criminal cases. There was no suggestion whatsoever in the *Conder* case that Rule 16 should be read as a mandate precluding the production of witness lists or other materials not required by its terms. Furthermore, no case has been cited by the Government in which an order requiring the production of witness lists has been held to be erroneous.

▮▮▮ In the absence of an express prohibition, this Court may, in the proper exercise of its discretion, order the Government to produce the requested information.[1] Of course, it would be an

[1] See Fed.R.Crim.P. 57(b), where it is stated that: "(b) If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

abuse of discretion to order discovery of witness lists if coercion or other harm would likely result to the prospective witnesses. However, this is not the case here, since it was made quite clear to the Government at the hearing on this matter that it need only make a good faith representation that such harm may result and the discovery would be appropriately restricted. The Government has not made such a representation; and, accordingly, there would appear to be no sufficient reason why the Government should

not be ordered to produce the names and addresses of witnesses whom it intends to call at trial. The recorded statements of such witnesses, however, are encompassed by the terms of the Jencks Act and will be treated later in this opinion.

### THE SEVENTH CIRCUIT

*United States v. Jackson*, 508 F.2d 1001 (7th Cir. 1975).

The district court also dismissed the indictment because the Government refused to comply with the December 18 pretrial order directing the parties to submit to the court a list of witnesses to be called at trial. The Government contends[3]

[3] Dismissal on this ground is also appealable under 18 U.S.C. § 3731. *United States v. Battisti*, 486 F.2d 961 (6th Cir. 1973); *United States v. Richter*, 488 F.2d 170 (9th Cir. 1973). See also *United States v. Clay*, supra [481 F.2d 133 (7th Cir.).

that the district court exceeded its authority and abused its discretion in compelling such discovery. We disagree.

The Federal Rules of Criminal Procedure provide that "the court may proceed in any lawful manner not inconsistent with these rules or with any applicable statute." Rule 57(b). As presently constituted, however, Fed.R.Crim.P. 16(b) does not give the defendant the right to discover the Government's list of prospective witnesses. *United States v. Verse*, 490 F.2d 280, 281–282 (7th Cir. 1973). The Government translates this to mean that the court lacks authority to order the Government to divulge its list of witnesses because such an order would be inconsistent with Rule 16(b).

To support its interpretation, the Government first relies on 18 U.S.C. § 3432 which provides, *inter alia*, that a person charged with a capital offense shall be furnished a list of witnesses to be produced at trial. Urging the application of the maxim *inclusio unius est exclusio alterius*, the Government argues that the statute demonstrates that Rule 16(b) was not designed to allow discovery of witness lists in noncapital cases. Second, the Government points to Proposed Fed.R.Crim.P. 16(a)(1)(E), 62 F.R.D. 271, 305 (1974)

which would permit the defendant to discover the Government's list of potential witnesses, and asserts that this similarly indicates that the present rule does not permit the discovery ordered here.

However, as Judge Marshall noted, the Government fails to distinguish between the right of the defendant to demand a list of witnesses, and the authority of the court to order such disclosure under the appropriate circumstances. 18 U.S.C. § 3432 and Proposed Rule 16(a)(1)(E) indicate that to give the defendant a right to demand a list of witnesses would be inconsistent with the Rules, but they do not in any manner suggest that the court does not possess the authority to order that such a list be disclosed.[4] Thus, the

[4] The present case is therefore unlike *United States v. Feinberg*, 502 F.2d 1180 (7th Cir. 1974) because there the court found that the Jencks Act specifically prohibited the trial court from ordering the Government to produce before trial statements made by a defendant to a prospective government witness.

present rule is no bar to the order entered here, and the courts that have considered the issue before us have recognized that the district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial. *United States v. Richter*, 488 F.2d 170, 173–174 (9th Cir. 1973); *United States v. Baum*, 482 F.2d 1325, 1331 (2d Cir. 1973); *United States v. Jordan*, 466 F.2d 99, 101 (4th Cir. 1972), *cert. denied* 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262 (1973); *United States v. Moceri*, 359 F.Supp. 431, 434 (N.D.Ohio), mandamus denied without reaching merits sub nom., *United States v. Battisti*, 486 F.2d 961 (6th Cir. 1973); *United States v. Leichtfuss*, 331 F.Supp. 723, 732 (N.D.Ill.1971).[5]

[5] Although Rule 57(b) provides that the courts may proceed in any lawful manner not inconsistent with the Rules, there exists some doubt as to whether 57(b) was intended to authorize the type of order entered here. See, e. g., *United States v. Richter*, supra, 488 F.2d at 173 n. 8. Unlike the Government, however, we do not find that the above decisions are "bottomed" on Rule 57(b), and our decision is not based on its scope.

. . . In the absence of such conflicts, we agree with Judge Marshall's analysis that the Rules are "more regulators than creators of authority," (374 F.Supp. at 174), and find that the district court does possess the power to order the Government to disclose its list of witnesses to be called at trial.

The Government next claims that even if we find that the requisite authority exists, the trial court nonetheless abused its discretion because the discovery order was entered *sua sponte* and without a showing of materiality and reasonableness. The Government relies on *United States v. Richter*, supra, 488 F.2d at 174–175, which held that although the district courts do have authority to order disclosure of the list of prospective witnesses to be called at trial, the disclosure requested by the defendant should be made pursuant to the reasonableness and materiality standards of Fed.R.Crim.P. 16(b). However, Fed.R.Crim.P. 2 provides that the Rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." With this in mind, we do not believe, and do not think that *Richter* suggests that, under the appropriate circumstances, the discretion employed by the district court in the exercise of its authority need be limited to a defense showing of materiality and reasonableness.

\* \* \* \* \* \*

In light of these circumstances, Judge Marshall designed his pretrial order to attain the following objectives: (1) to enable the court to determine, with some degree of accuracy the length of time to be allocated to the trial of the case, thereby facilitating docket control; (2) to expedite the trial by fostering more purposeful cross-examination; and (3) to protect against the adverse consequences of the situation in which a juror is acquainted with a witness by permitting knowledgeable voir dire questions. (374 F.Supp. at 175–177). In this context, considering the requirements necessary to

prove the elements of the offenses charged, and in view of the large number of defendants, witnesses, and exhibits thought to be involved, we find these objectives were proper and that the court's order would further their attainment. If necessary, the Government could have, but here did not, seek a protective order under Fed.R.Crim.P. 16(e). We find, therefore, that the trial court did not abuse its discretion by ordering the mutual disclosure of witnesses to be called at trial.[6]

[6] Judge Marshall noted that he does not order such disclosure where the circumstances do not require it. 374 F.Supp. at 175 n. 9.

Accordingly, the court's dismissal based on the Government's failure to comply with the December 18 pretrial order to the extent that it required the Government to provide a list of witnesses to be called at trial was proper.

## THE EIGHTH CIRCUIT

The decisions from the Eighth Circuit are discussed on page 11 of this Opinion and Order.

## THE NINTH CIRCUIT

*United States v. Richter*, 488 F.2d 170, 174, 175 (9th Cir. 1973).

With this background, we must determine the allowable scope and manner of discovery when a defendant requests the names of the prosecution's witnesses. Expansion of the limits of discovery has not been rapid despite the many changes in other areas of criminal procedure.[16] In

[16] Further changes to rule 16 were proposed three years ago, yet have not been enacted.

establishing any limitations, we believe that we should look to the present rule 16 for guidance. Although witness discovery is not provided for by the rule[17]

[17] One commentator believes that witnesses may be within the present rule 16(b). 8 J. Moore, Federal Practice ⸫ 16.05[4], at 16–58 & n. 56 (2d ed. 1972). He bases his conclusion upon the Advisory Committee's Note to Subdivision (e) which mentions "the safety of witnesses" and "perjury or witness intimidation" as factors to be considered upon application for a protective order.

we believe the procedures of rule 16(b) can be applied to the present situation. *If a defendant desires discretionary disclosure of the government's witnesses, he should make the showing similar to that required by rule 16(b).* If the court wishes to entertain the motion and if the government feels that it has a valid reason for resisting that discovery, *it should move for a protective order similar to that provided for under rule 16(e).*[18] Fol-

[18] We note that Proposed rule 16(a)(1)(vi) specifically mentions "physical or substantial economic harm or coercion." 48 F.R.D. at 590. However, we do not endorse its proposal that the names and addresses "shall not be subject to disclosure" if the government merely "certifies that to do so may subject the witness" to those dangers. 48 F.R.D. at 589.

We also note that the Advisory Committee's Note to the present Subdivision (e) includes the safety of witnesses and the danger of perjury or witness intimidation as considerations. However our mention of these factors is not meant to create an exclusive list. Rule 16(e) leaves matters thoroughly within the discretion of the trial court.

lowing these procedures will insure that there is an adequate basis for requesting such discovery and will afford the government a known method for resisting the request. Furthermore, the procedures will produce a record which will enable and facilitate appellate review when it is claimed that the trial judge abused his considerable discretion. (Emphasis added.)

*Cf. United States v. Hearst*, 412 F.Supp. 863 (N.D.Cal.1975) (questions continuing validity of *Richter* but acknowledges that this is the controlling case in the Ninth Circuit; that "the trial court does retain discretion under *Richter* to grant such discovery." *Id.* at 867.

## DISTRICT OF COLUMBIA CIRCUIT

*United States v. Bolden*, 169 U.S.App.D.C. 60, 514 F.2d 1301, 1312 (1975).

Defendants also claim that they were harmed by the government's failure to disclose its witnesses prior to trial. Since this was not a capital case at the time of the trial, see *United States v. Heinlein*, supra [160 U.S.App.D.C. 157], 490 F.2d [725] at 727–28, *there was no government*

*duty to disclose the witness list.* Compare Fed.R.Crim.P. Rule 16 with Proposed Fed.R.Crim.P. Rule 16(a)(1)(E); cf. 18 U.S.C. § 3432 (1970) (witness list required in capital case). *In addition, the refusal of Jones counsel to accept any material under a protective order not to disclose it to his client, coupled with evidence of threats against witnesses, supports the trial court's refusal to require a witness list.* (Emphasis added.)

## THE SUPREME COURT

*Roviaro v. United States*, 353 U.S. 53, 62, 63, 77 S.Ct. 623, 628, 629, 1 L.Ed.2d 639 (1957) is not controlling. It deals with a specific issue regarding disclosure of an informant. However, the following language is obviously persuasive:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing *the public interest in protecting the flow of information against the individual's right to prepare his defense.* Whether a proper balance renders nondisclosure erroneous must depend on the *particular circumstances of each case,* taking into consideration *the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.* (Emphasis added.)

*Will, U. S. District Judge v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) was decided on other grounds, but was precipitated by the petitioner, a federal district judge, having ordered the government to supply the defendant with a list of witnesses as part of a bill of particulars. While both parties focused their arguments on the propriety of the petitioner's order, the Supreme Court declined to rule on the issue. Instead, it held that, on the facts presented the Court of Appeals for the Seventh Circuit abused its discretion in exercising mandamus jurisdiction. However, the clear dictum of the case is found on pages 98–99, 88 S.Ct. on page 275 where it is said:

> We do not understand the Government to argue that petitioner was in any sense

without "jurisdiction" to order it to file a bill of particulars. Suffice it to note that Rule 7(f) of the Federal Rules of Criminal Procedure specifically empowers the trial court to "direct the filing of a bill of particulars," and that federal trial courts have always had very broad discretion in ruling upon requests for such bills, compare *Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927). Furthermore, it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial. See, e. g., *United States v. White*, 370 F.2d 559 (C.A. 7th Cir. 1966). See also *United States v. Debrow*, 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92 (1953). [footnotes omitted.]

Further, on pages 101–104, 88 S.Ct. on pages 277–278 we find the following statements:

> . . . Finally, it should be noted that in the opinion accompanying the original order, petitioner averred his willingness to narrow the order of disclosure upon a showing by the Government "that such disclosure will involve physical risk to the individuals or prejudice the government in its ability to produce its evidence." He repeated this offer numerous times in the subsequent hearings on the Government's objections to the bill, but the United States attorney never suggested that such a showing could be made in this case.

> The record is equally devoid of support for the notion that petitioner had adopted a deliberate policy in open defiance of the federal rules in matters of pretrial criminal discovery. The extended colloquy between petitioner and government counsel reveals at most that petitioner took a generally liberal view of the discovery rights of criminal defendants. But petitioner was careful never to divorce his ruling from his view of the legitimate needs of the defendant in the case before him, and there is no indication that he considered the case to be governed by a

uniform and inflexible rule of disclosure. Thus the most that can be claimed on this record is that petitioner may have erred in ruling on matters within his jurisdiction. [footnotes omitted.]

On page 106, 88 S.Ct. on page 279 we find unequivocal language which shows the Supreme Court recognizes that a district court has discretion.

> We do not know: (1) . . . ; (2) . . . ; (3) what it [the Court of Appeals] thought was the proper scope of a bill of particulars under Rule 7(f) and what limitations it thought the criminal rules placed upon the particular or generalized discretion of a district court to order the Government to file such a bill; . . . [footnotes omitted.]

The most important observation concerning the foregoing language as it pertains to the case at bar is that the Supreme Court doesn't even question the fact that a district court has discretion to order the government to file such a bill. It is indeed a presuppositionless truth.

### THE TENTH CIRCUIT

When discussing the previously cited Tenth Circuit cases I mentioned that three cases relied upon by the government would be treated separately. The first, of course, was *Dean v. United States, supra,* which was miscited. The second is *Nipp v. United States,* 422 F.2d 509 (1970), which the government misconstrues. The pertinent language in *Nipp* follows a listing of cases to which reference has already been made. i. e., *Edmondson, Gleeson* and *Eagleston.* The court says:

> In these cases, we have held that it is not error for the trial court to refuse to order the production of the names of the witnesses to appear for the Government in non-capital cases. The inherent authority issue *has not been separately considered and is not so considered here.*

The obvious purport of the foregoing language is that *Nipp* and the cases cited therein, and cited by the government as authority for its position that a trial court has no authority to compel pretrial disclosure of prosecution witnesses, actually and expressly reject that position. The Tenth Circuit could not have been more clear in stating what it had not decided and what it was not deciding.

The third and decisive case is *United States v. Pennick,* 500 F.2d 184 (1974). The case is clear and easily subject to analysis. First, the court states that Section 3432, 18 U.S.C. applies to capital cases. Next, the court states that in noncapital cases *a defendant* is not entitled as a matter of right to a list of the government's witnesses in advance of trial. Then, the court distinguishes the facts in *Pennick* from those in *Roviaro.* The clear distinction is that in *Pennick* the informer testifies and in *Roviaro* the informer does not. Finally the court rules on the syllogistic argument of *Pennick* :

A. The court has discretion to order disclosure.

B. The facts in the case, particularly when dealing with an informant, require disclosure.

C. The conviction should be reversed.

Reduced to its simplest terms *Pennick* argued that A and B = C. The court said, "We do not agree with such reasoning and in our view the fact that one of the Government's witnesses was an informer weakens, rather than strengthens, Pennick's argument that he was entitled in advance of trial to a list of the Government's witnesses." Clearly, the court is rejecting premise B, not premise A. If such an observation requires further proof, it is provided: The court very carefully compares the facts in *Pennick* and *Roviaro* and then indisputably recognizes that the trial court properly exercised its discretion with respect to the facts, i. e., the court acknowledged A and rejected B.

> In the instant case the trial court applied the "balancing test" referred to in *Roviaro* and took into consideration the various factors mentioned in that case, and *then in the exercise of its discretion refused* to require the Government to reveal the identity of its informer who all knew was

to testify upon trial. *In so doing the trial court did not err.* [Emphasis added.] Thus, the court proffers the following:

A. The court has discretion to order disclosure.

B. The court must consider the various factors in the case.

C. The conviction should be affirmed.

Thus, A + B = C.

It is inconceivable that *Pennick* supports the government's position that a trial court has no discretion to order disclosure. The notion that the trial court only has discretion to refuse to order disclosure is a patent absurdity.

The government's argument ignores the court's approval of the trial court's exercise of discretion and suggests that the court's rejection of Pennick's reasoning likewise disposes of the premises. I can only comment that a piano doesn't stand on one leg and neither does a syllogism.

Finally, I note in passing that the practice of disclosing prosecution witnesses in the state courts of this district has been in existence since at least 1877. See Colorado Session Laws 1877, General Laws, Section 214, *Minich v. People*, 8 Colo. 440, 9 P. 4 (1885). Given the dignity of such antiquity, disclosure can hardly be said to shock established notions of fairness.

Indeed, I believe that the views which I express herein are consistent with other decisions by the judges of this district. In that regard, counsel are urged to read Chief Judge Winner's unpublished opinion of October 18, 1976 in *United States v. Sickafoose*, 76–CR–199. Chief Judge Winner does not rule on the same issues as presented here, but I believe his opinion should be studied.

## CONCLUSION

■ As indicated, the existence of trial court discretion to order or refuse to order disclosure of prosecution witnesses cannot be denied. I am confining my order to the facts stated in this opinion and order. While the government has given me absolutely no reason whatever to refuse disclosure, I nevertheless leave the door open. If a *bona fide* showing can be made that witnesses will be endangered or that the government will be prevented from presenting its case or other factors properly the subject of judicial discretion, I will reconsider this ruling without hesitation. Absent such showing, I am convinced that the totality of factors set forth herein justifies disclosure of prosecution witnesses before trial. Given the exigencies of this case, the circumstances of the defendant, the need to advance the efficient administration of criminal cases and the utter innocuousness of an order of disclosure to the government's legitimate interests in this prosecution, I believe it would almost amount to an abuse of discretion to deny disclosure of witnesses in this matter.

IT IS ORDERED that on or before March 7, 1978 at 2:00 P.M., the government shall file a list of witnesses it intends to call in its case in chief. Since Mr. Otero, Agent Bristol, Mr. Tripp and Mr. Glazner are already known to defendant they need not be listed and they may be called by the prosecution as witnesses during its case in chief. If the government files its list of witnesses as ordered, the defendant shall file on or before March 8, 1978 at 2:00 P.M., a list of witnesses which he intends to call at trial. Of course, nothing herein contained can or should be construed to suggest or imply that the defendant must disclose whether he will elect to testify or remain silent.

■ Since the government has repeatedly asked for the imposition of sanctions in response to its anticipated refusal to comply with this order, I shall advise accordingly. While sanctions are varied and can include dismissal of the indictment, the defendant has only asked in his motion that unlisted witnesses shall be prohibited from testifying at trial. If, indeed, either the government or the defendant fails or refuses to comply with this order, I shall decide on an individual basis at trial whether to permit any unlisted witness other than Mr. Otero, Agent Bristol, Mr. Tripp and Mr. Glazner to testify. Likewise, in the hope that a deliberate refusal to follow this order never oc-

curs, I shall defer a decision on what additional sanctions, if any, to impose.