**UNITED STATES of America, Plaintiff,**

v.

**SUN MYUNG MOON and Takeru Kamiyama, Defendants.**

**No. S 81 Cr. 705 (GLG).**

United States District Court,
S. D. New York.

Feb. 22, 1982.

See also 532 F.Supp. 1360.

William M. Tendy, Acting U. S. Atty., S.D.N.Y., New York City, for plaintiff; Jo Ann Harris, Senior Litigation Counsel, Martin Flumenbaum, Asst. U. S. Atty., New York City, of counsel.

Stillman, Friedman & Shaw, New York City, and Caplin & Drysdale, Washington, D. C., for defendant Moon; Charles Stillman and Julian Friedman, New York City, Bernard Bailor, Washington, D. C., of counsel.

Andrew M. Lawler, New York City, for defendant Kamiyama.

## MEMORANDUM DECISION

GOETTEL, District Judge.

This is a motion pursuant to Fed.R. Crim.P. 15. The defendants Sun Myung Moon and Takeru Kamiyama seek to depose, on videotape in Tokyo, Japan, 120 witnesses who allegedly have evidence material to the defendants' cases. For the reasons and under the conditions stated below, this motion is granted.

■ Rule 15 authorizes the court to order depositions "[w]henever due to exceptional circumstances of the case it is in the interests of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial." Fed.R.Crim.P. 15(a). Although there is no mechanical rule for determining when depositions should be allowed, the generally accepted requirements are that the testimony of the "prospective" witness is material and that the witness is unavailable. 8 Moore's Federal Practice ¶ 15.02[1] (2d ed. 1980);[1] *accord, United States v. Singleton*, 460 F.2d 1148, 1154 (2d Cir. 1972), *cert. denied*, 410 U.S. 984, 93 S.Ct. 1506, 36 L.Ed.2d 180 (1973).[2] These requirements have been satisfied in the case at bar.

■ The witnesses are individuals who purportedly contributed to what the defendants refer to as the "Japanese Family Fund" (the Fund), a fund that resulted from the pooling of money brought into the United States by Japanese members of the Unification Church.[3] The defendants contend that some of the deposits made to Moon's accounts at the Chase Manhattan Bank came from this fund. The Government contends that the ledgers of the Fund were fraudulently created and falsely account for the deposits into the bank in that at least a substantial portion of the monies deposited came from other sources in the United States. The Government also contends that the entire Family Fund may be a fraud and, thus, it will not acknowledge that the funds were collected as claimed, much less disbursed as described in the ledgers. Consequently, the Government concedes that the proposed evidence would be material because although it would not refute the Government's principle point concerning disbursements, it could rebut the inference that the entire ledger was fabricated.

The Court has made an *in camera* examination of the Government's proof on this point. It does not find that this evidence necessarily leads to the conclusion that monies were not contributed by hundreds of Japanese in the fashion contended by the defendants. By showing that some funds may have been received by the defendants from sources other than the Fund, however, it does cast some doubt upon the genuineness of the Fund. Although the prosecution may be making a tactical error in pursuing this collateral issue, the Court cannot, at this juncture in the case, say that the evidence would be immaterial. Moreover, because of the scope of the testimony, the Court does not have the option of waiting to see how the trial testimony develops before focusing on the issue.

■ The 120 witnesses whom the defendants seek to depose are also unavailable

---

1. Moore's also lists a third factor, that the deposition is necessary to prevent a failure of justice. This is taken from the original language of Rule 15(a). *See* note 2 *infra*. According to Moore's, this factor is likely to be satisfied if the first two factors are met. 8 Moore's Federal Practice ¶ 15.02[1] (2d ed. 1980).

2. *Singleton* involved section 601(a) of Title VI of the Organized Control Act, 18 U.S.C. § 3503(a), which provides for depositions when "due to exceptional circumstances it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved." The principal difference between Rule 15 and section 3503(a) is that under the latter the Attorney General must certify that "the proceeding is against a person who is believed to have participated in an organized criminal activity." 18 U.S.C. § 3503(a); *see* 8 Moore's Federal Practice, *supra*, ¶ 15.01[3][a].

3. About 300 Japanese purportedly made contributions to the fund and 245 others gave contributions that were transmitted in two group collections. The 120 witnesses whom the defendants seek to depose allegedly made contributions ranging from a couple of thousand to five thousand dollars each.

within the meaning of Rule 15. These individuals are neither presently residing in the United States nor subject to the subpoena power of this Court and are purportedly unable, or unwilling, for various reasons, to come to the United States. They are, however, willing to be deposed in their native land. Additionally, the travel costs of bringing these witnesses to the United States would be in excess of $230,000, not including food and housing, a sum approximating the total contributions about which they are expected to testify. Under these extraordinary circumstances and in the interests of justice, it appears that the taking of depositions should be ordered by the Court. (These depositions, however, should not include those responsible for transmitting the two large group gifts.) Perhaps these depositions may convince the prosecution that the issue of the collection of the funds should not be pursued (it does not appear crucial to the prosecution's case in any event) and that neither these witnesses nor the 180 available in the United States need be heard. Even if such a result does not occur, it may provide the basis for finding some means of reducing the burden of having the jury listen to more than 300 witnesses testifying on the same subject.[4]

The Government contends that defendants have been dilatory in making this application. The Court has already been compelled to delay the trial well beyond the presumptive limits of the Speedy Trial Act to accommodate, in the interests of justice, the necessary proceedings in this case. Defense counsel have assured the Court that these depositions can be conducted in a couple of weeks. These depositions are being allowed upon the express understanding that they will not provide any basis for an application to delay the commencement of trial presently scheduled for March 22, 1982. Toward this end, it is suggested that the counsel sent to take these depositions not be the principal trial counsel for any of the parties.

 Two final points merit discussion. First, the defendants are not indigent. Therefore, they will bear all costs except for the travel and subsistence expenses of the Government. Additionally, their bail limits are extended to Japan to allow their attendance at the depositions, if they so wish.

SO ORDERED.

---

4. The Government contends that all the witnesses need not be produced in any event and that a representative number should suffice, there being a number of those present in the United States. The Government's proof, however, involves only a portion of the total disbursement. It would appear, therefore, that the defendants would have to prove all (or nearly all) of the collections for the fund to rebut the Government's claims.