UNITED STATES of America

v.

James J. DONOHUE, III.

UNITED STATES of America

v.

Rev. Fred E. SNOWDEN, John C. Boatwright Sr., and Calvin D. Boatwright.

Crim. A. Nos. B–82–00241, K–82–00510.

United States District Court, D. Maryland.

May 11, 1983.

See also 574 F.Supp. 1269.

J. Frederick Motz, U.S. Atty., D. Md., and Elizabeth H. Trimble and Max H. Lauten, Asst. U.S. Attys., Baltimore, Md., in Crim. No. B–82–00241, and Mark H. Kolman and Barbara S. Sale, Asst. U.S. Attys., Baltimore, Md., in Crim. No. K–82–00510, for United States.

Alan I. Baron, Baltimore, Md., John A. Field, III, Alexandria, Va., and Burton J. Haynes, Washington, D.C., for defendant in Crim. No. B–82–00241.

Alan I. Baron, Baltimore, Md., and Thomas R. Dyson, Jr., Washington, D.C., for defendants in Crim. No. K–82–00510.

WALTER E. BLACK, Jr., District Judge.

Presently pending in the captioned cases are the motions for disclosure of information concerning the use of multiple grand juries. Based on the pleadings and oral argument presented on April 15, 1983 at a consolidated hearing, these motions will be denied.

Two suits have been consolidated for the purpose of these motions. In Criminal No. B–82–00241, James J. Donohue, III, is charged in a seven-count indictment with four counts of filing a false income tax return, one count of obstruction of justice, and two counts of influencing a witness, as well as aiding and abetting. In the second suit, Criminal No. K–82–00510, three defendants were indicted, Rev. Fred E. Snowden, John C. Boatwright, Sr., and Calvin D. Boatwright. All three defendants are charged in each of eight counts of mail fraud and aiding and abetting. Rev. Fred E. Snowden is also charged with three counts of tax evasion.

These motions are based on Rule 6(e) of the Federal Rules of Criminal Procedure, which defendants contend requires that the transfer of material to a successor grand jury be done in a procedurally proper manner. Defendants seek to determine whether Rule 6(e) was complied with through disclosure of what evidence was developed at the prior grand jury and how and under what circumstances this evidence was presented to successor grand juries. Defendants contend that they seek no information relating to substance and would accept any limitations concerning secrecy of the grand jury proceedings. They assert that, upon information and belief, the United States Attorney's Office has not complied with the requirements of the judges of this district concerning the method of transferring information from one grand jury to a successor grand jury.

On October 14, 1982, the Court heard argument on the motion filed in *Donohue* and thereafter, upon the consent of the parties, entered an order providing for *in camera* review of copies of the orders entered pursuant to Rule 6(e) authorizing the

transfer of this investigation from one grand jury to another. The parties in *Snowden* also consented to *in camera* review, and after the consolidation of these cases specially for determination of these motions, the Court entered a similar order in this case.

While Rule 6(e) establishes a general rule of secrecy as to the grand jury, Fed.R. Crim.P. 6(e)(2), it also provides for disclosure to a defendant under certain circumstances:

> (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—
>
>> (i) when so directed by a court preliminary to or in connection with a judicial proceeding; or
>>
>> (ii) when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.
>
> If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.

Fed.R.Crim.P. 6(e)(3)(C). A criminal defendant generally may obtain disclosure of grand jury materials in four circumstances. First, he is entitled to transcripts of his own grand jury testimony under Rule 16(a)(1) of the Federal Rules of Criminal Procedure. Second, under the Jencks Act, as amended in 1970, 18 U.S. § 3500, he may obtain prior statements made by prosecution witnesses who testify at trial. Third and fourth, he may move for disclosure pursuant to either subsection quoted above. 8 Moore's Federal Practice ¶ 6.05[32] (2d rev. ed. 1982).

In *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the United States Supreme Court articulated the rationale for the general rule of secrecy which permits disclosure to a criminal defendant only under these four circumstances. It stated:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Id.* at 219, 99 S.Ct. at 1673 (footnote omitted). In this private antitrust action, the Court elaborated upon the showing necessary for disclosure "preliminarily to or in connection with a judicial proceeding," stating:

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in *Dennis* [*v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966)]. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Id.* at 222, 99 S.Ct. at 1674 (footnote omitted). This showing, alternatively referred to as that of a " 'particularized need,' " *id.* at 217, 99 S.Ct. at 1672, has also been required of a defendant seeking disclosure upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. *See, e.g., United States v. Short*, 671 F.2d

178, 186 (6th Cir.1982), *cert. denied,* 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *United States v. Wallace,* 528 F.2d 863, 865 (4th Cir.1976).

When the grand jury is no longer meeting, however, the interests in secrecy are reduced, although not eliminated. *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. at 222, 99 S.Ct. at 1674. The Fourth Circuit has referred to a "diminished" showing of particularized need. *See United States v. Colonial Chevrolet Corp.,* 629 F.2d 943, 950 (4th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1352, 67 L.Ed.2d 337 (1981) (disclosure to State Attorney General).

Conclusory allegations of grounds for a motion to dismiss an indictment do not constitute a showing of "particularized need." 8 Moore's Federal Practice, *supra* ¶ 6.05[3], at 6–114. Mere speculation does not amount to such a showing. *See United States v. Chase,* 372 F.2d 453, 466 (4th Cir.), *cert. denied,* 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967) (*"possibility"* of witnesses' inconsistent testimony before two grand juries and at trial insufficient). Clearly insufficient is a defendant's mere assertion that inspection of grand jury minutes might reveal a ground for a motion to dismiss the indictment. *United States v. Harbin,* 585 F.2d 904, 907 (8th Cir.1978). Such " 'fishing expeditions' " are inadequate, *Thomas v. United States,* 597 F.2d 656, 658 (8th Cir.1979), as is a defendant's bare assertion of prosecutorial misconduct, *United States v. Edelson,* 581 F.2d 1290, 1291–92 (7th Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1216, 59 L.Ed.2d 456 (1979).

One appellate court criticized a defendant's pretrial request for production of certain grand jury materials. The defendant contended that the grand jury material might contain information inconsistent with evidence offered by the Government at trial to prove material misstatements to a federal grand jury. The Seventh Circuit stated that the proper procedure was for the defendant to request of the district court an *in camera* inspection of the minutes and a report on the record as to whether they contained any inconsistent information. If they did, the Government would be forced to either acquiesce in disclosure of the minutes or dismiss the indictment. *United States v. Edelson, supra.*

One commentator has stated that the procedure for showing particularized need is unimportant because of the unlikelihood of dismissal of an indictment due to what occurred before a grand jury. *See* 1 C. Wright & A. Miller, Federal Practice and Procedure § 108, at 264–65 (2d ed. 1982). Indictments have been dismissed on this basis in a few cases, however. *See United States v. Samango,* 607 F.2d 877 (9th Cir. 1979); *United States v. Pastor,* 419 F.Supp. 1318 (S.D.N.Y.1976); *United States v. Gallo,* 394 F.Supp. 310 (D.Conn. 1975). In the earliest of these cases, the only one cited by Defendants, the prosecutor had presented to a grand jury a transcript of one witness's testimony before a prior grand jury, stating that he merely sought technical corrections in the indictment of the first grand jury. The prosecutor also had stated that the probable cause upon which the first grand jury had returned the charges was based on this witness's testimony, as well as on identification of certain records and testimony of a police officer who had performed surveillance. *United States v. Gallo, supra,* at 312–13. The district court dismissed the indictment on a number of grounds. First, the prosecutor had a duty, at a minimum, to inform the grand jurors as to the hearsay nature of the testimony. Second, the prosecutor had failed to alert the grand jury that the one transcript presented was replete with perjurious statements to the first grand jury. Third, the prosecutor had failed to supply a complete record of proceedings before the first grand jury when corroboration would have been helpful, in light of the witness's confessed perjury. Fourth, because the prosecutor actually had sought corrections that were not merely technical, a shortcut procedure had been inappropriate. Finally, the prosecutor had not attempted to produce a witness with

first-hand knowledge, as mandated by the Second Circuit. 394 F.Supp. at 315–16.

In *United States v. Pastor, supra,* the district court dismissed the indictment on the grounds that, as in *Gallo,* hearsay testimony had been presented to a successor grand jury in violation of the Second Circuit's decisions. The prosecutor informed the court that the first grand jury had heard an unindicted co-conspirator testify as to nine transactions and had returned an indictment. The successor grand jury had been given this transcript but had heard the unindicted co-conspirator testify only as to a tenth transaction. It had not been told that he could be questioned as to his prior testimony. The prosecutor had asked the second grand jury if it had questions for the witness but had failed to make clear that it could have elicited live testimony. The second grand jury had had no questions and had returned a superseding indictment. The district court found that the prosecutor had unwittingly violated the dictates of the Second Circuit through failure to advise of the hearsay quality of the testimony and offer the witness either for questions or for testimony about his prior testimony. *Id.* at 1323–24.

The Ninth Circuit in *United States v. Samango, supra,* affirmed dismissal of an indictment, but not due to the use of hearsay evidence alone when better evidence was available. 607 F.2d at 880–81 & n. 6. Instead, it affirmed dismissal due to the cumulative effect of the prosecutor's errors. *Id.* at 884. None of these errors alone would have warranted dismissal, *id.,* and only some will be discussed here. The grand jury which had indicted Samango and his codefendants had been the third grand jury involved in the investigation. After the district court had described an indictment returned by a second grand jury as an " 'embarrassment' " the prosecutor had attempted to obtain a " 'sanitized' " indictment from a third grand jury. *Id.* at 879. The prosecutor had erred by advising the foreperson that he needed an indictment within eight days and by leaving nine transcripts and a proposed indictment with the grand jury that day. *Id.* at 882–83.

The prosecutor's second error had been in presenting the grand jury with a transcript of one of the defendant's prior grand jury testimony which, due to the insults and insinuations contained therein, could have served no purpose other than deliberate prejudice. *Id.* at 883. Another transcript contained testimony that was both prejudicial and deceptive. Furthermore, a reading of this latter transcript would not have alerted the grand jury to the witness's deficiencies, including a history of drug abuse. Prejudice in this transcript was particularly significant because it had been the only evidence against several peripheral conspirators. *Id.* at 881, 883. The third grand jury had heard testimony from one live witness, however. This witness, an agent of the Drug Enforcement Administration, had offered hearsay testimony and testimony not based on personal knowledge. Because the grand jurors had asked if they would hear certain witnesses, the court concluded that they had not known that they could have subpoenaed witnesses. *Id.* at 883–84.

The Ninth Circuit acknowledged that the grand jury need not be advised of all matters affecting the credibility of a witness. It quoted one of its prior decisions, *United States v. Thompson,* 576 F.2d 784, 786 (9th Cir.1978): " 'Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented....' " 607 F.2d at 882 (other citations and footnote omitted). Regarding the conduct under examination, the *Samango* court stated:

> We believe, however, that the grand jury in this instance was overreached and that a line must be drawn beyond which a prosecutor's control over a cooperative grand jury may not extend. Although deliberate introduction of perjured testimony is perhaps the most flagrant example of misconduct, other prosecutorial behavior, even if unintentional, can also

cause improper influence and usurpation of the grand jury's role.

*Id.* (footnote omitted).

One case distinguished by the Ninth Circuit, *id.* at 881, was its decision in *United States v. Chanen,* 549 F.2d 1306 (9th Cir.), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977). In circumstances "superficially similar" to those in *Samango,* the Ninth Circuit had reversed dismissal of an indictment. The *Chanen* facts were "significantly different," however, because the transcripts of testimony before prior grand juries had been read aloud to the indicting grand jury. The prosecutor had advised the indicting grand jury of inconsistent statements. Finally, the transcripts had included confessions that the witnesses had submitted false affidavits. The *Samango* court concluded that the ultimate difference between the two factual circumstances was that the *Chanen* grand jury had been alerted to a credibility problem, and the court knew that the jurors had heard the evidence. *United States v. Samango, supra,* at 881.

■ As in *Chanen,* a number of courts have denied motions to dismiss on the basis of evidence presented to a successor grand jury. *See United States v. Garner,* 663 F.2d 834 (9th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982); *United States v. West,* 549 F.2d 545 (8th Cir.), *cert. denied,* 430 U.S. 956, 97 S.Ct. 1601, 51 L.Ed.2d 806 (1977); *United States v. Linton,* 502 F.Supp. 861 (D.Nev.1980). Outside of the Second Circuit, a number of courts have agreed that presentations solely of hearsay evidence to a successor grand jury is not grounds for dismissal. *See United States v. Garner, supra,* at 840; *United States v. West, supra,* at 554. Live witnesses are unnecessary when complete transcripts are provided. *United States v. Garner, supra,* at 840. However, summaries of testimony have been held not to be unduly prejudicial. *See United States v. Linton, supra,* at 871. Moreover, the *Samango* holding has been interpreted to rest not on the length of time which the grand jury

spent reading transcripts, but on their prejudicial content. *See United States v. Linton, supra,* at 867. While under *Samango* intentional prosecutorial misconduct is unnecessary for dismissal, *United States v. Linton, supra,* at 869, evidence of the prosecutor's bad faith is relevant, *id.* at 868, including deception or misrepresentation to pressure the grand jury for an indictment, *see United States v. West, supra,* at 555.

■ Defendants here have made no showing of particularized need for grand jury materials; they have not even made the "diminished" showing sufficient when the grand jury is no longer meeting. *See United States v. Colonial Chevrolet Corp., supra.* For example, defendants have not suggested that a credibility problem regarding any grand jury witness was not brought to the attention of the indicting grand jury. They have not alleged that any particular testimony was unduly prejudicial. They have offered no evidence of prosecutorial bad faith or overreaching. Defendants have presented only the barest allegation that transfer of materials might not have been effected in a procedurally proper manner.

Nevertheless, the Court has conducted an *in camera* review of orders transferring materials from one grand jury to another. It has found no ground for suspecting that any transfer was improper.

Furthermore, it has examined the minutes of the bench meetings of the judges of this district. There is no indication whatsoever that the Office of the United States Attorney has failed or refused to abide by any requirements for transfer of materials.

Accordingly, based on its examination of the case law and *in camera* review, the motions for orders permitting disclosure of information concerning the use of multiple grand juries filed in these cases will be denied.

A separate Order will be entered herein to confirm the rulings set out in this opinion.