**UNITED STATES of America**

v.

**David Michael STROOP, Bernard Polischuk, Charles Lee Donahou, Timothy Van Jorden, Daniel Bruce Ross, Eric Anton Heid, Kenneth Evan Wolf, Phillip George Chambon II, Defendants.**

No. 88–22–01–CR–3.

United States District Court,
E.D. North Carolina,
Fayetteville Division.

July 15, 1988.

Asst. U.S. Atty. Frederic Borch, Fort Bragg, N.C., for U.S.

Asst. Federal Public Defender Todd Conormon, Raleigh, N.C., for defendant Polischuk.

Ronald McSwain, Fayetteville, N.C., for defendant Donohou.

Mark Waple, Fayetteville, N.C., for defendant Jorden.

William Richardson, Fayetteville, N.C., for defendant Ross.

Gregg W. McClosky and Ronald D'Anna, Boca Raton, Fla., for defendant Wolf.

Bobby Deaver, Fayetteville, N.C., for defendant Chambon, II.

## ORDER

WALLACE W. DIXON, United States Magistrate.

Several motions of the defendants Ross, Wolf, Donahou, and Polischuk have been referred to me for dispositive ruling. The motions have been met by responses from the government and, thus, are ripe for disposition. Any factual discussion necessary to an understanding of these proceedings and the motions and responses will be reserved for appropriate elaboration as each motion is addressed.

MOTION TO TAKE DEPOSITIONS AND ISSUE LETTERS ROGATORY

■ The defendants have moved by motion proper, or adoption of motions, to take depositions of witnesses residing in Jamaica. These witnesses apparently are or were employees of the Americana Hotel, Ocho Rios, Jamaica, the alleged place of both the inception and the first step in the execution of the scheme to defraud as set out in the indictment. The witnesses central to the deposition effort are Sharon Thomas, Hope Rose, and Carletta Boyd.[1]

The defendants have demonstrated how these witnesses' testimony is both potentially material to their cases but yet unavailable to them. *See United States v. Sun Myung Moon,* 93 F.R.D. 558 (S.D.N.Y. 1982).

These witnesses are residents of Jamaica and, thus, outside the subpoena power of the court. *See* Rule 17(e)(1), Fed.R.Crim.P. (subpoena in criminal case runs throughout the United States).[2] Moreover, the defendants have demonstrated that the witnesses will not voluntarily attend the trial, even if their expenses for doing so are paid. Generally, although there is no mechanical rule for determining when depositions should be allowed, materiality and unavailability are the accepted standard of measure. *United States v. Sun Myung Moon, supra.* If a witness is neither presently residing in the United States nor subject to the subpoena power of the court, and is purportedly unable or unwilling to come to the United States, a deposition in a criminal case is warranted. *Id.;* Wright, *Federal Practice and Procedure:* Criminal 2d § 242 (unavailability is important factor to consider in deciding whether Rule 15 exceptional circumstances are present).

■ Without busying myself here elaborating on the materiality of the purported testimony, it is sufficient to note that a military lawyer formerly assigned to represent Ross has averred that during his representation of Ross in military court-mar-

---

1. Ross has also included the names of Rudolph Jackson, Leonard Brown, and Tom Jones on his list of prospective deponents. However, other than including their names along with the others in several places in his motion and memorandum, he has failed to be specific in informing the court as to the reasons he seeks to depose these three. On the other hand, he has provided much more detail as to why Thomas, Rose, and Boyd should be deposed. In truth, I cannot help but conclude that the more expansive list is aimed at discovery only, *see, e.g.,* Ross Memorandum in Support, p. 8, asking for deposition of Jackson, Brown, and Jones "because of their probable access to relevant information," a purpose not designed to be served by depositions in criminal cases. Rule 15(a), Fed. R.Crim.P.; *United States v. Steele,* 685 F.2d 793, 809 (3rd Cir.1982); Wright, *Federal Practice and Procedure:* Criminal 2d § 241. The stronger

showing has been made for those named in the text above and the motion to depose Jackson, Brown, and Jones is DENIED.

2. The court assumes that these witnesses are neither United States nationals or residents who simply happen to be outside the United States in Jamaica. This assumption is warranted because of the representation that these witnesses have been living in Jamaica since at least 1983 when the indicted scheme began. The defendants and their attorneys, however, are forewarned that if these witnesses are subject to Fed.R.Crim.P., Rule 17(e)(2) and 28 U.S.C. § 1783 service of process such that the letter rogatory procedure is unnecessary, they are subjecting themselves to the imposition of sanctions for the filing of unnecessary court proceedings devoid of factual support.

tial proceedings, apparently grounded in the same facts as the present indictment, he obtained exculpatory statements from Thomas, Boyd, and Rose. This showing is sufficient to warrant the depositions. *United States v. Wilson*, 601 F.2d 95 (3rd Cir.1979) (relevant, potentially exculpating testimony may be preserved by Rule 15(a) deposition). *Cf. United States v. Taylor*, 693 F.2d 919, 924 (9th Cir.1982) (defendant must show proposed testimony "sufficiently favorable" to warrant Rule 15(a) deposition).

Finally, it should be noted that the permission here granted to take depositions does nothing more than the rule allows—preserve testimony. I make no determination, indeed I have no authority to determine, the admissibility of the deposition testimony. That decision is properly reserved for the trial judge. *See United States v. Mann*, 590 F.2d 361, 366 (1st Cir.1978). However, the parties should make no assumption or presumption of trial testimony admissibility simply because these depositions are permitted. *Id.*

Accordingly, for these reasons, the motions to depose witnesses Sharon Thomas, Carletta Boyd, and Hope Rose are ALLOWED. The attention of the parties is invited to Rule 15, Fed.R.Crim.P.; Rule 28, Fed.R.Civ.P.; and *Federal Practice and Procedure, supra*, § 243 and Supp. (1987) for guidance as to the proper procedure which must be followed in taking the depositions.

## MOTION FOR BILL OF PARTICULARS

In detailed fashion, these defendants, again by motion proper, or by adoption of motions, seek particularization, through a bill of particulars of matters not set forth in the indictment which they allege are essential to the preparation of their defenses. Placed into general categories, these defendants seek (1) the names of individuals alleged to have been co-conspirators; (2) dates, times, and locations of *all* the overt acts these defendants allegedly took in furtherance of the conspiracy; (3) particular identification of all the actors in each overt act; (4) the exact dates of entry into and withdrawal from the conspiracy by any

co-conspirator; (5) the specific time, manner, and content of various receipts, travel vouchers, and other documents alleged to be part of the fraudulent scheme; (6) particularization as to the manner of presenting these various documents to the United States as alleged in the fraudulent scheme; and, (7) the exact manner in which the government contends these various activities furthered the alleged conspiracy. The government has responded opposing defendants' motions arguing that the requests improperly require detailed disclosure of the government's evidence prior to trial and that the motions are improperly designed to give defendants the benefit of all the government's investigative efforts. For the following reasons, defendants' motions are DENIED.

The proper scope and function of a bill of particulars is not to obtain disclosure of evidence to be offered by the government at trial, but to minimize surprise, to enable movant to obtain such facts as are needed to prepare his defense, and to preclude a second prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Giese*, 597 F.2d 1170 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979); *United States v. Dulin*, 410 F.2d 363 (4th Cir.1969). The bill of particulars is not intended to give a defendant the benefits of the government's investigative efforts. Nor may it be used to compel disclosure of the government's legal theory prior to trial. *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987); *United States v. Persico*, 621 F.Supp. 842, 868 (S.D.N.Y.1985). A defendant is only entitled to know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charges against him. *United States v. Manetti*, 323 F.Supp. 683, 695–96 (D.Del.1971). Moreover, a defendant is "not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial." *Id.* at 696. *See also Feola*, 651 F.Supp. at 1132.

■ In this case, the defendants are charged in nine counts of an indictment that runs ten pages. As to the conspiracy count, it is fairly specific in alleging the object of the conspiracy, as well as the manner and means in which it was accomplished. Furthermore, each defendant is specifically identified in a fairly detailed overt act showing specific dates, documents, and amounts claimed as demonstration of each defendant's participation in the conspiracy. Moreover, each defendant has been provided substantial discovery and additional discovery will be ordered by this opinion. Fair and sufficient disclosure from the government satisfies the underlying objective of Rule 7(f), Fed.R.Crim.P.; *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399 (4th Cir.1985); *United States v. Schembari*, 484 F.2d 931 (4th Cir.1973). I believe this has occurred, or will occur in compliance with this order; where the defendants have been given adequate notice of the charges against them, an assertion that the requested information would be useful is not enough. *United States v. Payden*, 613 F.Supp. 800, 816 (S.D.N.Y.), *aff'd*, 768 F.2d 487 (2d Cir.1985); *United States v. DeFabritus*, 605 F.Supp. 1538, 1547 (S.D.N.Y.1985).

■ As to the defendants' specific requests, I find that a defendant does not "need" detailed evidence about the conspiracy in order to prepare for trial. Defendants are not entitled to know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the government intends to adduce to prove their criminal acts. *Feola*, 651 F.Supp. at 1132; *Persico*, 621 F.Supp. at 868. Details as to how and when the conspiracy was formed, or when each participant entered it, need not be revealed before trial. *Id.*

In addition, the defendants are not entitled to discover the exact locations, beyond those listed in the indictment, at which they are alleged to have violated the statute—as long as the information already made available to the defendants is sufficient to enable proper preparation for trial. Nothing suggests this is not the case here. *See*

*United States v. Massino*, 605 F.Supp. 1565, 1582 (S.D.N.Y.1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir.1986). Nor are the defendants entitled to receive verifying information concerning the exact time and place of each overt act alleged in the indictment, the names and addresses of all persons involved in those acts, or the meetings at which the defendants are alleged to have been present. *Feola*, 651 F.Supp. at 1133.

Specific items which have been held to be proper subjects of a bill of particulars include, *inter alia*, the names of all persons the government will claim to have been co-conspirators, to the extent such persons are known to the government and are expected to testify at trial; the locations of the acts set forth in the counts, to the extent performed by the principals; and the place where the principal offense charged allegedly occurred. *Id. See also United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y.1979). However, the court concludes that the facts provided to the defendants through the indictment, this order, and discovery sufficiently cover these grounds. In addition, the defendants' conclusory motion fails to make any showing from which the court might infer that further information is required to enable the defendants to prepare their defense, avoid unfair surprise, or prevent an unconstitutional second prosecution for the same offense.

Accordingly, the defendants' motion for a bill of particulars is DENIED.

MOTION FOR PRODUCTION OF EXCULPATORY MATERIAL

Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government, to the extent it has not already done so, is ORDERED to forthwith disclose or produce any evidence which tends to establish the defendants' innocence or mitigate punishment.

■ In addition to the general duty under *Brady v. Maryland, supra*, to produce exculpatory evidence, the government is required to disclose all information which might arguably be used to impeach or discredit a government witness at trial. *Gig-*

*lio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 36 L.Ed.2d 104 (1972); *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Cantone v. Superintendent, New York Correctional Facility at Green Haven*, 759 F.2d 207 (2d Cir.1985), *cert. denied, sub nom. Cantone v. Scully*, 474 U.S. 835, 106 S.Ct. 109, 88 L.Ed.2d 89 (1986). A defendant is entitled to all exculpatory or mitigating evidence in the government's possession, including evidence pertinent to a witness' credibility or reliability. *United States v. Feola*, 651 F.Supp. 1068, 1135 (S.D.N.Y.1987). Thus, the law requires that in addition to exculpatory statements of government witnesses, the defendants shall be provided the complete prior criminal record of the witness as well as information regarding all prior material acts of misconduct of the witness. *See United States v. Seijo*, 514 F.2d 1357 (2d Cir.1975), *cert. denied*, 429 U.S. 1043, 97 S.Ct. 745, 50 L.Ed.2d 756 (1977); *United States v. Rosner*, 516 F.2d 269 (2d Cir. 1975), *cert. denied*, 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976). In addition, the government must reveal all promises of leniency, immunity, or other similar inducements to testify. *United States v. Joseph*, 533 F.2d 282, 286–87 (5th Cir.1976), *cert. denied*, 431 U.S. 905, 97 S.Ct. 1698, 52 L.Ed.2d 389 (1977); *United States v. Feola, supra.* Finally, the government must disclose any records or information within its possession which might be useful to the defense in impeaching a government witness or which would reasonably lead to such impeaching evidence, including, *inter alia*, psychiatric reports and evidence of narcotics addiction or useage. *See, e.g., United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461 (4th Cir.1980).

█ Also, by this motion, the defendants seek an order requiring the government to affirm or deny the existence of electronic surveillance in this case. Although defendants fail to allege the first fact, even on information or belief, to support an inference that electronic surveillance occurred here, they opine that they are entitled to a government response to their inquiry simply upon demand. However, these conclusory assertions, absent any indication the government actually conducted illegal surveillance, are not nearly enough to force the government to respond. Clearly, Title 18 U.S.C. § 3504(a)(1) envisions at least some preliminary showing by a defendant as a condition-precedent to requiring a government response concerning electronic surveillance. *In re Grand Jury 11–84*, 799 F.2d 1321, 1323 (9th Cir.1986). Only when a defendant asserts a claim of illegal electronic surveillance must the government "affirm or deny the occurrence of the alleged unlawful act." *In re Grand Jury Proceedings*, 786 F.2d 3, 7 (1st Cir.1986) *quoting In re Quinn*, 525 F.2d 222, 225 (1st Cir.1975). Mere conclusory allegations or suspicions that electronic surveillance has occurred are insufficient to mandate a government response. *United States v. James*, 609 F.2d 36, 51 (2d Cir.1979). Although the government has gratuitously responded to this request, it by no means is required to do so on the basis of a simple demand.

Finally, I am satisfied from the government's response that it has and continues to review its file material in detail and that it is aware of its obligation to disclose exculpatory material in compliance with the guidelines set forth above.

## MOTION FOR EARLY DISCLOSURE OF WITNESS LIST, CO–CONSPIRATORS' STATEMENTS AND GRAND JURY TESTIMONY

Relying on their assertions that the indictment does not allege violent crimes; that there is no indication that these defendants are violent and, therefore, pose no threats to prospective witnesses; and, citing their need to prepare for trial, the defendants seek an order of the court compelling early disclosure of the government's witness list. No specific statute or rule mandates pre-trial disclosure of witness lists in non-capital cases. *United States v. Steel*, 759 F.2d 706 (9th Cir.1985); *United States v. Dark*, 597 F.2d 1097 (6th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 61 L.Ed.2d 183 (1979). However, the general discretion of district courts to compel the government to identify its witness-

es is widely acknowledged. *See, e.g., United States v. John Bernard Industries, Inc.,* 589 F.2d 1353 (8th Cir.1979); *United States v. Chaplinski,* 579 F.2d 373 (5th Cir.), *cert. denied,* 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711 (1978); *United States v. Sclamo,* 578 F.2d 888 (1st Cir.1978); *United States v. Dreitzler,* 577 F.2d 539 (9th Cir.1978); *United States v. Cannone,* 528 F.2d 296 (2d Cir.1975).

Generally, the rule for disclosure can be stated succinctly: to obtain a government witness list, a defendant must make a specific or "particularized" showing that such disclosure is both material to the preparation of his defense and reasonable in light of the circumstances. *See United States v. Price,* 448 F.Supp. 503 (D.Colo.1978) and cases cited therein. A conclusory statement that a witness list is needed to prepare for trial in a routine case is not sufficient. *Sclamo, supra.*

Although the written rule of law is thus quickly discerned, these principles are far more easily stated than applied. Each case must turn on its own peculiar facts and decisions in prior cases are rarely controlling because the circumstances and probable evidence differ from case to case. Application of the general principles delineated above in any case requires an initial understanding of the basis for the rules themselves.

As the defendants argue, the disclosure of the identity of the government's witnesses is desirable and, at times, required to aid the defense in the preparation for trial and to prevent invidious trial by ambush. *See United States v. Opager,* 589 F.2d 799, 804 (5th Cir.1979); *United States v. Feola,* 651 F.Supp. at 1138. One of the most immediate tasks for responsible counsel in preparing for any case is to seek to interview those witnesses involved in the transactions which form the basis for the litigation. Indeed, in a number of circumstances, a failure to so investigate can result in cognizable claims of ineffective assistance of counsel. In the civil context, our courts clearly recognize the importance of this task by demanding, at a minimum, that counsel exchange witness lists well in ad-

vance of trial. *E.g.,* Local Rules 25.02, 25.03(e), E.D.N.C. If this is so in the civil context, the defendants' interest in obtaining this same information in a criminal case, where their very liberty is at stake, is even more compelling. *Opager,* 589 F.2d at 804.

Balancing this substantial interest of the defendants is, however, often an equally important governmental interest. Obviously, the government and the court must be concerned with the dangers of intimidation of witnesses, subornation of perjury, and physical harm to potential witnesses. *See United States v. Feola,* 651 F.Supp. 1068, 1138 (S.D.N.Y.1987). Admittedly, however, this concern seems to be of less importance in this case particularly in juxtaposition to some of the other type cases brought in federal court which do pose serious witness security concerns. *See, e.g., Feola, supra* (narcotics cases).

█ Nevertheless, I believe that defendants have made something more than a general conclusory claim that disclosure is necessary for trial preparation in this case. Whatever "particularized need" is, I find that the defendants' motion, the government's response, and the record in general contain the following considerations entitling defendants to the requested list:

(1). The indictment alleges offenses occurring almost five (5) years old, rendering preparation of a defense a difficult proposition at best;

(2). This case involves a complex paper trail with multiple defendants;

(3). The critical, dispositive evidence in this case will flow not only from that paper trail, but from anecdotal testimony of either the co-defendants, unindicted co-conspirators, other participants to the transactions, or a combination of all of these;

(4). A number of these witnesses are within the control of the government and are not openly available to the defense for investigation and interview;

(5). The record contains no indication that the defendants have a past criminal record, or that they have ever been in-

volved in an offense involving violence or a threat of violence against another person;

(6). The government's *pro forma* and conclusory response, as well as the record, fails to indicate that by supplying the witnesses' names prior to trial, this will, in any manner, increase the likelihood that the witnesses will not appear at trial, will be unwilling to testify, or will be harassed, threatened or intimidated. *See Price*, 448 F.Supp. at 505.

These first five findings are, in my mind, probably sufficient for a defendant to posit a *prima facie* case for disclosure. Thus, the burden should shift to the government to come forward by affidavit or otherwise, with some other *bona fide* showing that the purposes behind non-disclosure are applicable to this case, *i.e.*, that disclosure will endanger a particular witness or prevent the government from presenting its case. *Price*, 448 F.Supp. at 518. *See also United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir.1976); *Cannone*, 528 F.2d at 301.[3] This, the government has failed to do (finding # 6, *supra*). *See id.* at 302.

Accordingly, in the discretion of the court, the government is hereby OR-DERED to disclose to the defendants, within three (3) days of the date of service of this order, the names and locations of all the witnesses it expects to call at trial. *See John Bernard Industries, Inc.*, 589 F.2d at 1357–58; *Price*, 448 F.Supp. at 518. While the government has provided me with absolutely no reason to deny disclosure, I nevertheless leave the door open for the government to so move, consistent with the requirements of this order, within this same three-day period.

Furthermore, I do not rule nor do I even suggest that these defendants or any defendant has the right to obligate any witness to participate in a pre-trial interview if that witness chooses not to answer any questions. This right is entirely and absolutely the prerogative of the witness.

Finally, as to confidential informants, although the defendants' motion includes a request for their disclosure, the government does not indicate the existence of any informants in this case. Accordingly, the defendants' motion in this respect, is DENIED.

In view of the ruling above allowing disclosure of the government's witness list, and in view of the applicable law as I understand it to be, the defendants' motion for disclosure of co-conspirator statements is DENIED. The plain language of Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure pertains only to the discovery of statements "made by the defendant" and does not mention nor does it apply to discovery of statements made by co-conspirators. *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir.1987). These statements are governed solely by the *Jencks* Act, which does not allow for early pretrial disclosure. *Id.* at 259.

Similarly, the defendants' motion for early disclosure of grand jury testimony is DENIED. Again, the defendants have been given access to the government's witness list. To be sure, this disclosure should satisfy a number of concerns about effective trial preparation. Moreover, the support defendants posit for disclosure of grand jury testimony centers around the laudable, but essentially broad-based concern for that same "pre-trial preparation." However, an assertion that grand jury transcripts are needed to prepare for trial or motions does not establish the requisite "particularized need" for disclosure of those transcripts. *United States v. Short*, 671 F.2d 178 (6th Cir.), *cert. denied*, 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *United States v. Chase*, 372 F.2d 453 (4th Cir.), *cert. denied*, 387 U.S. 907, 913, 87 S.Ct. 1688, 1701, 18 L.Ed.2d 626 (1967); *United States v. Donohue*, 574 F.Supp. 1263 (D.Md.1983).

---

**3.** This showing may, of course, be made in a sealed *ex parte* presentation to the court. *Har-* *ris, supra.*

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The discussion above relying upon circuit authority of *United States v. Roberts, supra,* effectively forecloses any contention that early disclosure of *Jencks* Act material should be ordered by the court. Moreover, concerns about the inability to effectively prepare which arise from lack of access during pre-trial to *Jencks* material should be allayed by the court's order requiring pre-trial disclosure of the government's witness list. This motion is DENIED.

SO ORDERED.