**UNITED STATES of America,**

v.

**Roman GRAHAM, Defendant.**

No. 7:06–CR–50–F.

United States District Court,
E.D. North Carolina.
Southern Division.

Dec. 20, 2006.

Kelly Michele Perry, U.S. Attorney's Office, Raleigh, NC, for USA, Plaintiff.

Roman Jermaine Graham, Pro se.

A. Griffin Anderson, Anderson & Anderson, LLP, Wilmington, NC, Gale M. Adams, Federal Public Defenders Office, Fayetteville, NC, Robert Hood Hale, Jr., Hale & Hopkins, Raleigh, NC, Wayne James Payne, Powell and Payne, Shallotte,

NC, for Roman Jermaine Graham (1), Defendant.

## DECISION AND ORDER

GATES, United States Magistrate Judge.

This case comes before the court on various motions by defendant Roman Graham for disclosure of certain evidence [DE # 115, 116, 117, 121, 122, 123, 124, 125].[1] The government has filed a consolidated response to these and other motions by defendant ("Govt.'s Mem.") [DE # 133].[2] The motions were referred to the undersigned Magistrate Judge for review and decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, two of defendant's motions are granted in part and denied in part (DE # 115, 123) and the remainder are denied.

### I. RULE 404(b) EVIDENCE [DE # 115] (Granted in Part and Denied in Part)

Defendant requests an order, pursuant to Fed.R.Evid. 404(b), requiring the government to disclose whether it intends to introduce at trial any evidence showing "other allegedly 'bad acts' or a 'similar course of conduct'" not charged in the indictment. (Def.'s Mot. DE # 115 at 1). Defendant also seeks disclosure of the nature of any Rule 404(b) evidence the government intends to use, and the names and addresses of witnesses and tangible evidence upon which the government intends to rely to introduce the Rule 404(b) evidence at trial. *Id.* at 1–2.

▮ In a criminal case, Rule 404(b) requires the prosecution, upon request by the accused, to "provide reasonable notice in advance of trial ... of the general nature of any ... [Rule 404(b) ] evidence it intends to introduce at trial." Fed.R.Evid. 404(b). The government states that it intends to provide such notice three days before trial. (Govt.'s Mem. at 3). Given the serious nature and number of offenses charged, providing notice three days prior to trial would not be reasonable; however, one week prior to trial would be sufficient. *See United States v. Blackman,* No. 7:06–CR–50, 2006 U.S. Dist. LEXIS 70147, at *5 (E.D.N.C. 22 Sep. 2006); *United States v. Binder,* No. 5:01–CR–91, 2001 U.S. Dist. LEXIS 23000, at *4 (E.D.N.C. 3 Aug. 2001). Therefore, this portion of defendant's motion is GRANTED and the government is ORDERED to notify defendant, at least one week prior to trial, of the general nature of any Rule 404(b) evidence it intends to introduce at trial. This Order does not require the government to disclose the Rule 404(b) evidence itself.

▮ Nothing in Rule 404(b) requires the government to identity the witnesses who will testify about the Rule 404(b) evidence or the tangible evidence upon which the government may rely to introduce the Rule 404(b) evidence. Defendant cites no case law supporting his request for this material. This portion of defendant's motion is accordingly DENIED.

### II. *BRUTON* MATERIAL [DE # 116] (Denied)

Defendant seeks an order granting him notice of the government's intent to use statements subject to *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20

---

**1.** Each motion is cited at times herein as "Def.'s Mot." followed by the corresponding docket entry number.

**2.** Defendant's motions are subject to, but not in compliance with, Local Crim. Rules 12.2 and 16.1, E.D.N.C., which require prior consultation with counsel. In its discretion, the court has elected to consider the motions notwithstanding these deficiencies.

L.Ed.2d 476 (1968), discovery of those statements, and a pre-trial hearing to determine their admissibility. (Def.'s Mot. DE # 116 at 1). The Court in *Bruton* held that admission of any statement or confession made by a non-testifying co-defendant that incriminates a defendant in their joint trial violates the defendant's Sixth Amendment right to confrontation since the non-testifying co-defendant cannot be cross-examined. 391 U.S. at 126, 88 S.Ct. 1620; *see also United States v. Campbell*, 935 F.2d 39, 43 (4th Cir.1991). Unless the prosecutor wishes to hold separate trials, the incriminating statement must be sufficiently redacted "to reduce significantly or to eliminate the special prejudice that the *Bruton* Court found." *Gray v. Maryland*, 523 U.S. 185, 192, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). The statement must be facially incriminating to fall within the rule of *Bruton*. *United States v. Locklear*, 24 F.3d 641, 646 (4th Cir.1994) (citing *Richardson v. Marsh*, 481 U.S. 200, 208–09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)).

■ In the present case there are three co-defendants, Lacresha Slappy ("Slappy"), Diana Howard ("Howard"), and Michael Blackman ("Blackman"), all of whom have provided statements to the government. These statements were provided to defendant on 11 August 2006. (Govt.'s Mem. at 3, 4). The government expects both Slappy and Howard to testify at defendant's trial. (*Id.* at 3–4). Furthermore, on 12 December 2006, both Slappy and Howard pled guilty to the charges against them, and therefore they will not be tried jointly with defendant. Accordingly, there is no *Bruton* problem with respect to Slappy or Howard. The portion of defendant's motion directed to these co-defendants is accordingly DENIED.

While the third co-defendant, Blackman, is not currently expected to testify at trial, the government contends that none of his statements are sufficiently incriminating to invoke *Bruton*. *Id.* However, should defendant find any of Blackman's statements facially incriminating, defendant is free to move the court for an *in camera* review of those statements prior to their admission at trial, detailing which statements he believes fall within the rule of *Bruton*. This portion of defendant's motion is therefore moot at this time and is accordingly DENIED.

### III. CO–CONSPIRATOR STATEMENTS [DE # 117] (Denied)

■ Defendant has requested discovery "well in advance of the trial" of the government's intent to use post-arrest or post-conspiracy statements of co-conspirators at trial. (Def.'s Mot. DE # 117 at 1). The government has already provided to defendant the statements of all co-conspirators. (Govt.'s Mem. at 3–4). Therefore, defendant is not in danger of the "trial by ambush" that he posits. (Def.'s Mot. DE # 117 at 2). The government is not required to reveal its trial strategy to defendant. In addition, the court finds unpersuasive defendant's argument that *Bruton* problems may arise without early discovery of the government's intentions. The issue of *Bruton* material has been addressed in Section II. above, and the court is satisfied that no *Bruton* problem exists at this time. Accordingly, defendant's motion for notice of the government's intent to use co-conspirator statements is DENIED.

### IV. PRESERVATION OF EVIDENCE [DE # 121] AND ROUGH NOTES [DE # 123] (DE # 121–Denied; DE # 123–Granted in Part and Denied in Part)

Defendant requests that the government be ordered to preserve evidence relating to the indictment (Def.'s Mot. DE # 121 at 1)

and, more specifically, that government agents be ordered to preserve their rough notes and bring such notes to court if and when they are called to testify (Def.'s Mot. DE # 123 at 1). The government has responded that it is aware of its duty to preserve evidence and does not intend to destroy any evidence prior to trial. (Govt.'s Mem. at 5).

Defendant has not shown good cause for his general motion to preserve evidence, such as evidence of the destruction or intent to destroy evidence relating to this case. Accordingly, this motion is DENIED.

■ With respect to the rough notes of law enforcement officers, the government does not specifically identify these materials as among the evidence it acknowledges it must preserve. *Id.* Although the government does not currently foresee how defendant may utilize the rough notes, *id.,* it is certainly possible that such a situation may arise, *see United States v. Banks,* No. 97–0086–C, 1998 WL 120290, at *1–2, 1998 U.S. Dist. LEXIS 3272, at *3–4 (W.D.Va. Mar. 5, 1998). Under these circumstances, an order is warranted making clear that the rough notes are included in the evidence subject to the government's preservation obligation. Accordingly, defendant's motion for preservation of rough notes is GRANTED and the government is ORDERED to retain rough notes of its agents in this case until conclusion of defendant's trial.

Defendant cites no support, and the court finds no reason at this time, to direct government agents to bring their rough notes to trial. This portion of defendant's motion is therefore DENIED.

## V. PRETRIAL AND PRESENTENCE REPORTS [DE # 122] (Denied)

Defendant requests an *in camera* review of the Pretrial Services Reports ("PTSRs") and Presentence Investigation Reports ("PSRs") prepared by the United States Probation Office on the government's trial witnesses to determine if the reports contain exculpatory or impeachment evidence. (Def.'s Mot. DE # 122 at 1). The government has responded that there are currently no PSRs for any of the potential witnesses in this case. (Govt.'s Mem. at 5–6). However, the government does not address PTSRs, which may be in existence.

■ Presentence reports prepared on behalf of government witnesses can be discoverable if the court determines, after an *in camera* review, that the reports contain exculpatory or impeachment evidence. *United States v. Trevino,* 89 F.3d 187, 190 (4th Cir.1996). A defendant must "plainly articulate how the information contained in the [PSRs] will be both material and favorable to his defense." *Id.* at 192–93. Because PTSRs and PSRs are both prepared by the United States Probation Office and contain similar information, the court will treat both as falling within the scope of *Trevino.*

■ Defendant asserts that the prior criminal history of the individual reported on will be in the PSR and this criminal history may provide impeachment evidence if the individual testifies. (Def.'s Mot. DE # 122 at 2). However, the criminal history of a witness can be properly obtained by defendant, without an *in camera* review of the PSR (or PTSR), via a request for *Giglio*[3] material. *United States v. Stroop,* 121 F.R.D. 269, 274 (E.D.N.C.1988) ("defendants shall be provided the complete

---

**3.** *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (government

must disclose to defendant evidence tending to impeach government witnesses).

prior criminal record of the witness as well as information regarding all prior material acts of misconduct of the witness") (citing *United States v. Seijo,* 514 F.2d 1357 (2d Cir.1975)). This basis for defendant's motion is therefore without merit.

█ Defendant also contends that it is reasonably likely that witnesses against defendant have substance abuse problems, which, if reported on the PTSR or PSR, would constitute impeachment evidence. (Def.'s Mot. DE # 122 at 2). This broad assumption is not substantiated by any actual evidence. Defendant must "clearly specif[y] the information contained in the report that he expects will reveal exculpatory or impeachment evidence." *Trevino,* 89 F.3d at 192. The *Trevino* court specifically noted its intent to curtail "fishing expeditions" by defendant. *Id.* Here, defendant is merely speculating that witnesses *may* have substance abuse problems. Such speculation is insufficient to warrant an *in camera* review of any PTSRs or the PSRs.

Lastly, defendant argues that the government's version of the facts will be contained in the PSRs and this version may have exculpatory or impeachment material. Again, defendant fails to clearly specify the information that he expects will reveal exculpatory or impeachment material. The government is aware of its continuing duty to provide defendant with exculpatory and impeachment material (Govt.'s Mem. at 7); therefore, a review of the government's version of the facts which may be contained in the PSRs (or PTSRs) is unwarranted. Accordingly, defendant's motion for an *in camera* review of the PTSRs or any PSRs that are created is DENIED.

## VI. GRAND JURY TESTIMONY
### [DE # 124] (Denied)

Defendant has requested production of grand jury testimony earlier than otherwise provided by law. (Def.'s Mot. DE # 124 at 1). Defendant specifically requests testimony of both anticipated trial witnesses and those who are not expected to testify at trial.

█ With respect to trial witnesses, the Jencks Act, 18 U.S.C. § 3500, governs disclosure of their grand jury testimony. *See United States v. Silva,* 745 F.2d 840, 845 (4th Cir.1984). The Fourth Circuit is specific in its mandate that the court not require the government to produce such testimony until after the witness has testified. *United States v. Lewis,* 35 F.3d 148, 151 (4th Cir.1994). Nevertheless, the government has agreed to voluntarily disclose all Jencks Act material three days prior to trial. (Govt.'s Mem. at 7). This portion of defendant's motion is therefore DENIED as moot.

█ With respect to the grand jury testimony of those not expected to testify at trial, defendant must "show that a 'particularized need' exists for the [testimony] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). Merely reciting the same concerns that arise in every criminal case does not meet the requirement for a "strong showing of particularized need." *United States. v. Sells Eng'g,* 463 U.S. 418, 443, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983); *see also Stroop,* 121 F.R.D. at 276 ("broad-based concern for that same 'pre-trial preparation' " is insufficient for showing of particularized need). In the present case, defendant has not made a strong showing of any particularized need, but instead notes issues that are common to nearly all criminal trials. This portion of defendant's motion is therefore also DENIED.

## VII. EXCULPATORY EVIDENCE
### [DE # 125] (Denied)

Defendant requests that the government be ordered to produce all exculpatory evi-

dence pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). (Def.'s Mot DE # 125 at 1). The government contends that it has already produced all *Brady* and *Giglio* material and is aware of its continuing duties under *Brady* and *Giglio.* (Govt.'s Mem. at 7–8). Accordingly, defendant's motion is DENIED as moot.

## CONCLUSION

In summary, the court rules as follows:

1. Defendant's motion for Rule 404(b) evidence [DE # 115] is GRANTED IN PART AND DENIED IN PART on the terms set forth in Section I above;

2. Defendant's motion for disclosure of rough notes [DE # 123] is GRANTED IN PART AND DENIED IN PART on the terms set forth in Section IV above; and

3. Defendant's remaining motions [DE # 116, 117, 121, 122, 124, 125] are DENIED.